FRED P. CONE, Governor; J. M. LEE, Comptroller; W. V. KNOTT, Treasurer; GEORGE COUPER GIBBS, Attorney General; and NATHAN MAYO, Commissioner of Agriculture, as Trustees of the Internal Improvement Fund, v. WAKULLA COUNTY.

197 So. 536

En Banc

Opinion Filed August 2, 1940

*George Couper Gibbs,* Attorney General, and *John L. Graham,* Assistant Attorney General, for Petitioners;

*William Blount Myers,* for Respondent.

WHITFIELD, J.—In a suit brought by the County of Wakulla against the Trustees of the Internal Improvement Fund of the State of Florida, it is sought to have a trust decreed in favor of the county and other taxing units in the county, in the lands and in the funds arising from sales by such trustees of lands to which the State has the fee simple title, discharged of any right to redeem the lands, under Section 9 of the Murphy Act, Chapter 18296, Acts of 1937. Such title is predicated upon sales of the lands for nonpayment of taxes due the State, the county and other taxing units in the county. A motion to dismiss the bill of complaint was denied, and the defendant trustees have applied for an interlocutory writ of certiorari under Rule 34 to review the order denying the motion to dismiss.

A ground of the motion to dismiss the bill of complaint is that "Since this Court could enter no binding decree in the absence of the State of Florida which owns the title to the land involved, and since a county, as a subdivision of the State itself, could not maintain a suit against the State of Florida, there can be no possible basis for the maintenance of this suit."

As the title to the lands is in the State of Florida and the defendant trustees have only authority to sell the lands to the highest and best bidder for cash, and *as no authority is given the trustees or any other officers to disburse the proceeds from sales of the land* by the trustees under the Murphy Act, this suit is in legal effect a suit against the State, and cannot be maintained to decree a trust in property held in the name of the State or to decree disbursements of proceeds of the land sales, in the absence of a statute duly enacted under Section 22, Article III, of the State Constitution, relating to suits against the State, when there is no statute authorizing the disbursement of the funds received from the land sales. See Section 4, Article IX, of the Constitution; Cone v. King, 143 Fla. 323, 196 So. 697; So. Drainage Dist. v. State, 93 Fla. 672, 112 So. 561; Hampton v. State Bd. Education, 90 Fla. 88, 105 So. 323, 42 A. L. R. 1456, 59 C. J. 313; Christian v. Atlantic & N. C. R. Co., 133 U. S. 233, 10 Sup. Ct. 260, 33 L. Ed. 589; McWhorter v. Pensacola & Atlantic R. Co., 24 Fla. 417, 5 So. 129, 12 Am. St. Rep. 220, 2 L. R. A. 504. Valid statutory authority and duty to disburse funds held in the name of the State may be enforced in appropriate judicial proceedings. See Sec. 1004 (780) C. G. L.

In Trustees of Internal Improvement Fund v. Bailey, 10 Fla. 112, text 132, 81 Am. Dec. 194, the trustees had title to the lands and statutory authority to use and disburse the property of the fund. See Hampton v. State Bd. Education, *supra.*

If a suit cannot be maintained against the State affecting its property rights without its consent, an alleged trust relation and obligation of the State with reference to such property cannot be adjudicated in a suit brought against State officers who do not have title to the property but only

authority to sell for cash, and no authority to disburse the proceeds of cash sales.

Even when a State is trustee for a public purpose, it cannot be sued without its consent. See Bogert on Trusts and Trustees, Section 128. See also authorities cited in 10 A. L. R. 1388.

Section 1004 (780) C. G. L. 1927, and Perm. Supp. 1936, as amended by Section 1, Chapter 15918, Acts of 1933, provides for the disbursement of the proceeds of redemptions and sales of tax sale certificates and of tax deeds issued by clerks of the circuit court under Chapter 17457, Acts of 1935; but such Section 1004 has not by any statute been made to apply to sales of lands by the Trustees of the Internal Improvement Fund under Section 9, Chapter 18296, Acts of 1937, the Murphy Act.

A writ of certiorari is ordered to be issued, and thereupon the order denying the motion to dismiss the bill of complaint is quashed.

It is so ordered.

TERRELL, C. J., BROWN, CHAPMAN and THOMAS, J. J., concur.

Justice BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.