OLGA F. SUITS, *et al.*, Petitioners, v. HILLSBOROUGH County, Respondent.

2 So. (2nd) 353
En Banc
Opinion Filed May 6, 1941
Rehearing Denied June 3, 1941

54

*Paul Game,* for Petitioners;

*Tom J. Landurm,* for Respondent;

*William E. Thompson,* as *Amicus Curiae.*

BUFORD, J.—On the 12th day of November, 1940, the complainant, Hillsborough County, exhibited its bill of complaint in the circuit court of Hillsborough County seeking to foreclose the lien evidenced by State and county tax sale certificates Nos. 7446 and 7447 issued on August 1, 1938, pursuant to sale for delinquent taxes assessed for the years 1936 and 1937 on certain described lands.

Record owners and lien holders, including the municipality of Tampa and the State of Florida, were made defendants, said City and State being made defendants under the provisions of Chapter 18315, Acts of 1937. Summons in chancery was issued. The State of Florida filed its answer alleging that it held a lien as stated in the bill of complaint and as evidenced by the tax certificates involved, and prayed: "that upon the sale of said property described in the bill of complaint it may be decreed by this Honorable Court that the liens of this defendant be paid in such

manner as the court may decree, and that said lien be given its proper priority in the proceedings had before the court, and this defendant prays for such other and further relief as to the court may seem meet and just."

The defendants, Olga F. Suits and her husband R. E. Suits, Ivan F. Moore and Elaine Moore, his wife, Vera M. Whitney and J. Bayly Whitney, her husband, and Jean W. Moore and Ruth M. Moore his wife, filed motion to dismiss and motions to strike certain allegations of the bill of complaint. The allegations sought to be stricken were:

"A. That portion of Paragraph numbered '3' of said bill of complaint reading as follows: '. . . and plaintiff has a lien on said land for a reasonable attorney's fee not to exceed the sum of $25.00 and 10% of the amount found due to be fixed by the court. . . .'

"B. That portion of Paragraph numbered '3' of the said bill of complaint reading as follows, to-wit: '. . . together with a further sum of $11.10 expended for the purpose of obtaining abstract information as to parties defendant.' "

The grounds of the motion to dismiss were as follows:

"1. There is no equity in said bill of complaint.

"2. It does not appear from said bill of complaint that the complainant has any authority to institute this action.

"3. It does not appear from said bill of complaint that the complainant, Hillsborough County, is the owner of the tax liens evidenced by the tax certificates described in said bill of complaint.

"4. Said bill of complaint fails to set forth the

amount of subsequent and omitted taxes, tax sale certificates, and interest thereon, alleged therein to be unpaid.

"5.  Said bill of complaint fails to set forth the amount claimed to be due upon the tax certificates therein described.

"6.  That Chapter 18315, Laws of Florida, Acts of 1937, under which this suit is brought, does not purport to authorize the Complainant, Hillsborough County, to file suit or bring an action to foreclose the tax liens evidenced by the State and County Tax Certificates described in the bill of complaint.

"7.  That Chapter 18315, Laws of Florida, Acts of 1937, under which this suit is brought, does not apply to this action.

"8.  That Chapter 18315, Laws of Florida, Acts of 1937, under which this suit is brought, is unconstitutional and void for the following reasons, to-wit:

"a.  Said Act embraces more than one subject matter in violation of the provisions of Section 16 of Article III of the Constitution of the State of Florida.

"b.  Said Act violates the provisions of the Fourteenth Amendment to the Constitution of the United States.

"9.  That the Tax Sale Certificates described in the bill of complaint are owned by the State of Florida, and not by the Complainant, Hillsborough County.

"10.  That service of process has not been had upon the State of Florida in accordance with the provisions of Section 2 of Chapter 18315, Laws of Florida, Acts of 1937."

The motion to strike is based upon the following grounds, to-wit:

"1. That it does not appear from said bill of complaint that the plaintiff is entitled to recover such item in this cause.

"2. That it appears from said bill of complaint that such item is not properly chargeable against the defendants in this cause. And for further grounds applicable to that portion of said bill of complaint referred to in paragraph 'A' above.

"3. That Chapter 18315, Laws of Florida, Acts of 1937, under which attorney's fees are claimed herein, is not applicable to this cause.

"4. That Chapter 18315, Laws of Florida, Acts of 1937, under which attorney's fees are claimed herein, insofar as it purports to authorize the recovery of attorney's fees, is unconstitutional and void for the following reasons, to-wit:

"a. Said Act embraces more than one subject matter in violation of the provisions of Section 16 of Article III of the Constitution of Florida.

"b. Said Act violates the provisions of the Fourteenth Amendment to the Constitution of the United States."

On hearing, the motion to strike was granted as to the allegations of Paragraph numbered 3, as follows: "together with a further sum of $11.10 expended for the purpose of obtaining abstract information as to parties defendant. . . ."

In other respects, the motion to strike was denied and the motion to dismiss was denied. The defendants were required to answer the bill on or before rule day in April, 1941. Stipulation was filed, containing the following:

"1. The aforesaid defendants do hereby waive grounds numbered '4' and '5' of their motion to dis-

miss heretofore filed in this cause, and any advantage which might be taken by them of the failure of the Complainant to allege in its bill of complaint the amount of subsequent and omitted taxes, tax sale certificates and interest thereon, and the amount claimed to be due upon the tax certificates therein described.

"2. That the time within which the aforesaid defendants shall be required to file answer in this cause be extended to and until the 15th day of April, A. D. 1941, and, if petition for certiorari be filed in the Supreme Court of Florida, the time for filing answer shall be further extended in accordance with Order of Court entered in this cause on the 15th day of March, A. D. 1941."

To the order, *supra,* the defendants have petitioned for review under Rule 34.

The petitioners pose five (5) questions for our consideration, as follows:

"Question I. Does the County of Hillsborough have the right to institute suit to foreclose the lien of a tax sale certificate issued to and held by the State against lands in Hillsborough County, when the period of redemption has expired and the title to the land has vested in the State?

"Question II. Does a statute authorizing the State to be made a party defendant in a suit in equity brought by a County, City, Village or Town, to foreclose its tax or assessment liens, authorize a County to bring suit to foreclose the lien of a tax sale certificate owned and held by the State?"

"Question III. Does a statute authorizing a County to file suit to foreclose the lien of tax sale certificates held and owned by the State, authorizing the State to

be made a party defendant therein, and authorizing the County to recover reasonable fees for the services of its attorney therein, embrace more than one subject and matter properly connected therewith, in violation of the provision of Section 16 of Article III of the Constitution of the State of Florida?"

"Question IV. Does a statute authorizing the recovery of Attorney's fees by a City, Village or Town and the County, whether party plaintiff or defendant, in suits to foreclose tax or assessment liens, where the State is a party defendant, violate the provisions of the Fourteenth Amendment to the Constitution of the United States?"

"Question V. Where a statute authorizes the State to be made a party defendant in a suit to foreclose tax liens, and requires that process against the State in such suits shall be served upon the Comptroller of the State, can the Comptroller waive the requirement of service and bind the State by endorsing a written acceptance of service on the back of the summons?"

Respondents restate question numbered 3 involved and, while there is not a great deal of difference in substance, we think the question as reflected by the record is stated more accurately by the respondent, as follows:

"Question III. Does a statute authorizing the State to be made a party defendant and have its interests represented by the County Attorney in suits by a County to foreclose the lien of tax sale certificates sold to the State and authorizing the County to recover reasonable fees for the services of its attorney therein embrace more than one subject and matter properly connected therewith, in violation of Section

16 of Article III of the Constitution of the State of Florida?"

Respondent also contends that Question 5 stated by petitioner is not involved because the record shows that on March 24, 1941, summons in chancery having been issued was returned duly served by the Sheriff of Leon County upon J. M. Lee as Comptroller of the State of Florida, and that on April 2, 1941, answer was filed by the State of Florida.

It is to be observed that no assault is made on the legality of the levy and assessment of the taxes, of the tax sale nor of the lien evidenced by the tax sale certificates. It is further to be observed that the certificates held under consideration were and are in nowise affected by the so-called Murphy Act.

Section 3228, R. G. S., 5034 C. G. L., provides: "All liens of any kind, whether created by statute or the common law, and whether heretofore regarded as merely possessory or not, may be enforced by proceedings, in chancery."

Section 759 R. G. S., 972 C. G. L., provides that the title to lands encumbered by State and county tax sale certificates vest in the State two years after such sale and Section 796 R. G. S., 1027 C. G. L., does not have the effect of extinguishing the tax lien of the county after the two years redemption period expires. The lands remain subject to redemption until a tax deed is issued or a deed under foreclosure sale is issued.

In Ridgeway v. Reese, 100 Fla. 1304, 131 Sou. 136, we held: "The State does not own the land except through the tax sale and does not purport to convey it except as a means of enforcing the sovereign right to collect the taxes duly levied on the land."

In McNee v. Wall, *et al.*, 13 Fed. Sup. 326, text page

329, the District Court of the Southern District of Florida held: "Delinquent tax certificates are held by the State as security for the payment of the taxes due not only to it, but to counties and other taxing units or districts as well. It is trustee for the counties," etc.

Section 780 R. G. S., 1004 C. G. L., Perm. Supp., *inter alia,* provides as follows:

"It shall also be the duty of the Clerk, without further compensation, to make within the first ten days of every month, and oftener if required, to the Comptroller, a report in detail, as above, of all sales and redemptions in his office during the previous month of the certificates belonging to the State, giving the amounts received for face of the certificates and interest separately, and shall remit to the proper officers the amounts due the county and subdistricts respectively, taking duplicate receipts from the county and district officers to whom remittance is made, and forward with his report to the State Comptroller one copy of such receipts, together with the money due the State, and shall file with the Board of County Commissioners a report showing the amount of money collected and disposition thereof in detail."

It, therefore, follows, as was held in Cone v. Wakulla County, 143 Fla. 880, 197 Sou. 536, that Section 1004, *supra,* did not authorize disbursements of funds accruing from sale of lands by the Trustees of the Internal Improvement Fund under authority of Section 9 of Chapter 18296, Acts of 1937, the Murphy Act.

To the same effect was our opinion and judgment in the case of Cone v. King, 143 Fla. 323, 196 Sou. 697.

The provisions of Chapter 18315, Acts of 1937, do

provide for disbursement under such proceedings as are here under consideration.

Section 8 of Florida Chancery Act provides:

"Every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the action is brought. All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs, and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause. Persons having a united interest may be joined on the same side as plaintiffs or defendants, and when any one refuses to join, he may for such reason be made a defendant."

So we hold that the allegations of the bill of complaint are sufficient to show (a) that the complainant as a real party at interest may maintain the suit; (b) that the lien in which the complainant has a real interest has not been discharged but is an existing enforceable lien; (c) that tax sale certificates, being evidences of liens, may be foreclosed in chancery under the inherent or statutory power of the court of chancery.

We now come to the question of the validity of Chapter 18315, Acts of 1937. There is no question that the title of the Act is sufficient. The contentions of the petitioners are (1) that the Act is ineffectual

to authorize the county to maintain the suit to foreclose the lien evidenced by the tax sale certificate; (2) they challenge the validity of the Act on the ground that it violates the provisions of Section 16 of Article III of the Constitution; (3) they challenge the validity of the Act on the ground that it violates the provisions of the Fourteenth Amendment of the Constitution of the United States. The reply to these contentions is that the Act does not attempt to authorize the county to maintain a suit for purposes such as is here under consideration; but it recognizes the right of the county or the power of the county, to maintain a suit under substantive law.

The only way that the State can give its consent to be made a party defendant to a suit is by legislative Act and the legislative Act here under consideration specifically provides that "The State of Florida does hereby give its consent to be sued and made a party defendant in such suits for such purposes."

We find no invalidity in the Act by reason of its offending the provisions of Section 16, Article III of the Constitution. The subject matter of the Act is the procedure to be followed in the foreclosure of tax liens and each and every provision of the Act is properly connected with the subject matter.

The petitioner also contends that the Act violates Section 22 of Article III of the Constitution. That section is as follows:

"Section 22. Provision may be made by general law for bringing suit against the State as to all liabilities now existing or hereafter originating."

There is nothing in the Act which attempts to place any new liability on the State of Florida. Nor does the Act authorize the enforcement of any liability

against the State of Florida, nor is any liability against the State of Florida involved in this suit. The matter involved here is the recovery of money due the State of Florida for taxes.

We find no merit in the contention that the statute violates the Fourteenth Amendment of the Federal Constitution because of its provisions regarding the allowing of attorney's fees. The Act here under consideration is a general Act which applies to all tax certificates in the State of Florida and applies to all alike who are like situated. The classification is not unreasonable and no illegal discrimination is evident. This question is ruled by our opinion and judgment in the case of First Trust & Savings Bank v. West Lake Investment Company, 105 Fla. 590, 141 Sou. 894, wherein we held:

"Statute providing reasonable attorney's fees may be assessed against delinquent taxpayer in foreclosure suit brought to enforce payment of taxes on specific property to be paid out of proceeds of sale does not violate due process clause."

"Legislature may require that all costs incident to collection of tax be paid by owner or from proceeds of sale of property."

No reversible error is reflected by the record. Therefore, certiorari is awarded. The orders challenged are affirmed; and the cause is remanded for further proceedings.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL and ADAMS, J. J., concur.