OLGA F. SUITS, et al., v. HILLSBOROUGH COUNTY, a political subdivision of the State of Florida, et al.

7 So. (2nd) 346                          Division B
March 17, 1942          Rehearing Denied April 17, 1942

116

Paul Game, for appellants.

Tom J. Landrum, for appellees.

TERRELL, J.:

In November, 1940, Hillsborough County filed its bill of complaint against appellants as defendants to foreclose Tax Sale Certificates Numbers 7446 and 7447, describing certain lands in said county. A motion to dismiss on the ground that the certificates were the property of the State and that the county had no authority to file the suit was denied. The latter judgment was affirmed by this Court in Suits, et al., v. Hillsborough County, 147 Fla. 53, 2 So. (2nd) 353.

On the going down of the mandate, the State of Florida filed its answer alleging that it had a lien for the unpaid taxes, prayed that said lien be given priority and that it be foreclosed. Appellants filed their answer and counter claim in which they challenged the assessment as arbitrary, excessive, and illegal, the right to complainant to recover costs, interest, penalties, and attorneys' fees and the power of the Court to adjudicate the amount of taxes due Special Tax School District No. 4, it not being a party to the cause. The counter claimants offered to pay such taxes as were legally due.

On final hearing, the chancellor found the taxes for the years 1936 to 1939 to be grossly excessive, arbitrary, and illegal but held the assesment for 1940 to

be proper. He then proceeded to adjudicate the amount of taxes due the State, County, and Special Tax School District No. 4 for the years stated together with costs and attorneys' fees. This appeal is from the final decree.

It is first contended that the chancellor was without jurisdiction to adjudicate the taxes due special tax School District No. 4 because it was not a party to the cause.

It is quite true that City of Bradenton v. Northern Investment Corporation, 121 Fla. 470, 164 So. 136, and Coral Gables Properties Inc. v. Stopler, 115 231, 155 So. 799, and other cases might lead to this conclusion but when the assessed valuation is determined, the matter of extending the taxes is more or less perfunctory and here it is not alleged or shown that the assessment imposed by the chancellor is excessive or illegal; so if any error was committed, it was harmless.

Other questions raised have to do with that part of the final decree imposing costs, attorneys' fees, and interest on the taxes found to be due for 1940. It is contended by appellant that this part of the final decree is erroneous because the chancellor found upon a counterclaim which was not attacked, the assessment made by the assessing officers to be arbitrary, excessive, and illegal.

We are not unmindful of the provisions of Chapter 18315, Acts of 1937, imposing costs and attorneys' fees in cases of this kind but we do not consider the act applicable in this case. Since the assessment was found to be illegal, the correct amount of the tax due was not known until the cause was litigated and the chancellor made the assessment, consequently the

appellants did not default in payment of the taxes lawfully due. A taxpayer should not be burdened with costs, interests, and attorneys' fees in an effort to settle the amount of his taxes that were illegally assessed by the assessing officers of the county. The judgment must accordingly be reversed on this point.

Other questions argued have been considered but no reversible error is revealed. It follows that the judgment appealed from is affirmed in part and reversed in part.

Affirmed in part; reversed in part.

BROWN, C. J., CHAPMAN and THOMAS, JJ., concur.