**COASTAL PETROLEUM COMPANY, a Florida corporation, Plaintiff,**

**v.**

**LeRoy COLLINS, Governor of the State of Florida, et al., as constituting the Trustees of the Internal Improvement Fund of the State of Florida, Defendants.**

**Civ. A. No. 527.**

United States District Court
N. D. Florida, Tallahassee Division.
Oct. 31, 1955.

Reasoner & Davis, Washington, D. C., Perkins & Bezoni, Midland, Tex., for plaintiff.

Richard W. Ervin, Atty. Gen., of Florida, for defendants.

DE VANE, Chief Judge.

This suit involved the construction and interpretation of three oil, gas and mineral leases which were granted to plaintiff by the Trustees of the Internal Improvement Fund of the State of Florida in the year, 1946. These leases cover approximately four million acres in the State of Florida situated, for the most part, along the Gulf of Mexico between Apalachicola Bay in Franklin County and a point south of the City of Naples in Collier County and extending seaward for a distance of three leagues into the Gulf. Plaintiff claims that these leases include not only oil and gas but also forms of minerals, including so-called "metallic minerals".

The petition alleges that in March, 1954, without prior notice to plaintiff, the Trustees of the Internal Improvement Fund, purporting to act as such Trustees, passed a resolution and caused the same to be filed among the official records of the State, declaring that the leases did not include metallic minerals, as contended by plaintiff, but included only those minerals which could be recovered by drilling of wells. Plaintiff contends this action on the part of defendants, which they purported to take as officers of and in the name of the State of Florida, constitutes an attempt on defendants' part to make a new lease by purely unilateral action, with the result that plaintiff's titles under its leases have been slandered and clouded and the value thereof greatly diminished, in violation of the Fourteenth Amendment to the Constitution of the United States. In this litigation plaintiff asks the court to declare its rights under the aforementioned leases so as to remove the clouds placed by defendants on plaintiff's title to the minerals thereunder.

Defendants moved to dismiss the suit on the following grounds:

1. The petition fails to state a claim against these defendants upon which relief can be granted.

2. The petition is, in effect, a suit against the State of Florida, within the purview of Section 22, Article III of the State Constitution, F.S.A.

3. This court is without jurisdiction to determine the questions and issues raised or intended to be raised in the petition.

The question most vigorously contested by counsel for the respective parties on argument of this case is whether this is a suit against the State of Florida, within the purview of the State Constitution prohibiting suits against the State.

Plaintiff, relying upon U. S. v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171, and other subsequent decisions of the U. S. Supreme Court to the same effect, contends that the acts of the Trustees of the Internal Improvement Fund, in attempting to modify plaintiff's leases, were ultra vires and void and for this reason this is not a suit against the State.

Defendants, relying upon Cone v. Wakulla County, 143 Fla. 880, 197 So. 536, argue with equal vigor that under the above decision of the Supreme Court of the State of Florida this case must be held to be a suit against the State.

Counsel for both parties are in agreement that the State has not consented to be sued in this case and that the Eleventh Amendment to the Constitution of the United States and Section 22, Article III of the State Constitution protects the State from suits by one of its citizens as well as citizens of another State.

■ The court is of the opinion that defendants have the better of the argument on this issue and finds and holds that this is a suit against the State and for this reason must be dismissed.

■■ There is a second and equally valid ground upon which this suit should be dismissed. Assuming the contention of counsel for plaintiff is correct and that this is not a suit against the State,

but against State Officials to have set aside ultra vires acts on their part, and that the Eleventh Amendment and Section 22, Article III of the State Constitution are not applicable to this suit, then this suit belongs in a State court and not a Federal court. Under the usual rule of comity existing between the Federal and State courts in matters affecting purely domestic policies of the State litigants must be left to pursue through State courts whatever rights they may have and not be permitted to litigate such matters in Federal courts. Alabama Public Service Commission v. Southern Railway Company, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002; Lyons v. Baker, 5 Cir., 180 F.2d 893; Lyons v. Dehon, 5 Cir., 188 F.2d 534; McGuire v. Todd, 5 Cir., 198 F.2d 60.

An appropriate order, in conformity with this Memorandum Decision, will be entered herein, dismissing this suit.