318 So.2d 169 (1975)
J.K. DAVIS et al., Appellants,
v.
Raymond Anthony WATSON and the Travelers Insurance Company, Appellees.
No. 74-1664.
District Court of Appeal of Florida, Fourth District.
July 31, 1975.
Rehearing Denied September 4, 1975.
*170 Robert L. Shevin, Atty. Gen., and Thomas M. Beason, Asst. Atty. Gen., Tallahassee, for appellants.
Larry Klein, of Cone, Wagner, Nugent, Johnson & McKeown, P.A., West Palm Beach, for appellee-Raymond Anthony Watson.
DOWNEY, Judge.
Appellee Watson recovered a judgment against appellants Davis and the Game and Fresh Water Fish Commission, an agency of the State of Florida, arising out of a gunshot wound inflicted upon said appellee by appellant Davis, a wildlife officer of the Game and Fresh Water Fish Commission.
Initially, Watson sued only Davis. However, during the pendency of the suit the Commission, by and through the Attorney General, moved to intervene as a defendant. After an order was entered authorizing intervention appellee Watson filed an amended complaint naming Davis and the Commission as defendants. The Commission answered and affirmatively asserted immunity except to the extent of applicable liability insurance, as provided in § 455.06, F.S. 1973. On January 10, 1972, the Commission moved the court to limit its liability to the extent of applicable liability insurance coverage. This motion was denied as being premature. Prior to trial the court determined the Commission was not covered by liability insurance for the incident involved in this case. (Watson has not directed a cross appeal at this determination.) Verdict and judgment were ultimately returned against both appellants.
We have reviewed the record with appellants' assigned errors in mind and find it free from error except as to the entry of judgment against the Game and Fresh Water Fish Commission. In concluding that judgment should not have been entered against the Commission, we have given serious consideration to Watson's contention that the Commission waived its immunity as an agency of the state by intervening in the suit.
Least importantly, we do not believe there was any express or implied waiver of immunity by the Commission. It consistently maintained in the pleadings that its liability was limited to the extent of liability insurance coverage as provided in § 455.06, F.S. 1973. More importantly, even if the Commission had purported to waive its immunity as an agency of the state, it was powerless to do so. Article 10, Sec. 13 of the Florida Constitution, West's F.S.A., provides that the sovereign immunity of the state may be waived by general law. The Supreme Court of Florida has held that the state's immunity may not be waived by special or local law. State ex rel. Davis v. Love, 99 Fla. 333, 126 So. 374 (1930); Arnold v. Shumpert, Fla. 1968, 217 So.2d 116. So it seems that the power to waive the state's immunity is vested exclusively in the legislature. Suits v. Hillsborough County, 147 Fla. 53, 2 So.2d 353 (1941). Therefore the intervention by the Commission through the Attorney General did not operate as a waiver of the Commission's immunity as an agency of *171 the state. Compare Dunn v. Schmid, 239 Minn. 559, 60 N.W.2d 14 (1953); State v. Hall, Mo. 1965, 389 S.W.2d 798; Darnall v. State, 79 S.D. 59, 108 N.W.2d 201 (1961); Department of Pub. Safety v. Great S.W. Warehouses, Tex.Civ.App. 1962, 352 S.W.2d 493.
Accordingly, the judgment against the appellant J.K. Davis is affirmed and the judgment against the Game and Fresh Water Fish Commission, an agency of the State of Florida, is reversed.
Affirmed in part; reversed in part.
CROSS and MAGER, JJ., concur.