Ms. Eugenie G. Rehak General Counsel, District Eight Department of Health and Rehabilitative Services Post Office Box 60085 Fort Myers, Florida 33906
Dear Ms. Rehak:
On behalf of the Department of Health and Rehabilitative Services,[1] you ask the following question:
May the Department of Health and Rehabilitative Services by contract agree to indemnify and to hold another governmental entity harmless from any damage, loss, or injury arising out of the negligent provision of services by the Department or its employees, agents, or subcontractors?
In sum:
The sovereign immunity of the state in tort has been waived to the extent provided in section 768.28, Florida Statutes (1994 Supp.), and the Department of Health and Rehabilitative Services may not enter into an agreement containing indemnification or hold harmless provisions that alter the state's waiver of immunity in tort or otherwise impose liability on the department for which it would not otherwise by law be responsible.
According to your letter, the Department of Health and Rehabilitative Services (HRS) and the Collier County Board of County Commissioners (Board) are interested in entering into a contract to provide joint funding for a local county public health unit.[2] The unit, located in Collier County, is staffed by HRS employees and provides direct medical care, on a sliding scale fee basis, to any person in the county.
The medical treatment providers are HRS staff. When patients sue HRS for medical malpractice, there have been instances where such plaintiffs have also sued the Board. You state that the county takes the position that it has no responsibility for the manner in which medical care is administered through the public health unit.
According to your letter, the Board wants HRS to reimburse the county for attorney's fees and costs expended by the county in its efforts to be dismissed from these lawsuits and, therefore, has requested that the contract contain such an indemnification provision holding the county harmless from
any and all liabilities, claims, damages, demands, expenses, or actions, either at law or in equity, including court costs and attorneys' fees that may hereafter at any time be made or brought by anyone on account of personal injury, property damage, loss of monies, or other loss, allegedly caused or incurred, in whole or in part, as a result of any negligent, wrongful, or intentional, act or omission or based on any act of fraud or defalcation by HRS, its agents, employees, subcontractors, assigns, heirs, and anyone for whose acts any of them may be liable during HRS performance under this Agreement for any and all claims against the COUNTY or any of its agents or employees by any employee of HRS, any subcontractor, anyone directly or indirectly employed by HRS, or anyone for whose acts HRS may be liable. The indemnification obligation under this paragraph shall not be limited in any way as to the amount of type of damages, compensation, or benefits payable by or for HRS or any HRS subcontractor under workmen's compensation acts, disability benefit acts, or other employee benefit acts. In no event shall HRS be liable for or have an obligation to defend the COUNTY for the County's negligent or wrongful acts or omissions or the negligent or wrongful acts of the COUNTY's agents and employees.
You have advised this office that it is the position of the Department of Insurance, Division of Risk Management, through which HRS obtains its coverage for tort liability under section768.28, Florida Statutes (1994 Supp.), and of HRS that such an indemnification provision is not legal.
Article X, section 13, Florida Constitution, provides in part that "[p]rovision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating." Thus the power to waive the state's sovereign immunity rests with the Legislature.[3]
This office, in considering whether public agencies may enter into indemnification or hold harmless agreements, has previously stated that, in the absence of statutory authorization, such agreements are impermissible.[4] For example, this office in Attorney General Opinion 80-77 concluded that the Governor, in the absence of a statute, was not authorized to waive the sovereign immunity of the state by agreeing that the state would waive certain defenses and would hold the United States harmless from any violations of the regulations prescribed by the United States Department of the Interior that the state or its employees may commit. More recently, this office determined that the Department of Corrections could not by contract agree to indemnify and hold a private company harmless for any damage, loss, or injury caused by the department, its employees or agents.[5]
A limited waiver of the state's immunity in tort has already been accomplished by section 768.28, Florida Statutes (1994 Supp.). Subsection (1) of section 768.28 provides in part:
In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies . . . to recover damages in tort for money damages against the state or its agencies . . . for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency . . . while acting within the scope of his office or employment under circumstances in which the state or such agency . . . if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.
Subsection (18) of the statute, however, expressly provides:
Neither the state nor any agency or subdivision of the state waives any defense of sovereign immunity, or increases the limits of its liability, upon entering into a contractual relationship with another agency or subdivision of the state. Such a contract must not contain any provision that requires one party to indemnify or insure the other party for the other party's negligence or to assume any liability for the other party's negligence. This does not preclude a party from requiring a nongovernmental entity to provide such indemnification or insurance.
You state that the county takes the position that the above provision only prohibits a clause in which HRS would indemnify the county or would assume liability for the county's negligence. While the second sentence of section 768.28(18), Florida Statutes (1994 Supp.), does prohibit such a clause, the first sentence of the statute clearly provides that a state agency may not waive any defense of sovereign immunity or increase the limits of its liability when entering into a contract with a political subdivision of the state. Accordingly, HRS is precluded from assuming any liability for which it would not otherwise by law be responsible.
Accordingly, I am of the opinion that the sovereign immunity of the state in tort has been waived to the extent provided in section 768.28, Florida Statutes (1994 Supp.), and the Department of Health and Rehabilitative Services is not authorized to enter into an agreement containing indemnification or hold harmless provisions that alter the state's waiver of immunity in tort or otherwise impose liability on the department for which it would not otherwise by law be responsible.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] This office has been advised by the General Counsel's Office for the Department of Health and Rehabilitative Services that it joins in your request for an opinion.
[2] See, s. 154.01(1), Fla. Stat. (1993), authorizing HRS and a county to enter into a contract to jointly fund a local county public health unit for the promotion of the public's health, the control and eradication of preventable diseases, and the provision of primary health care for special populations.
[3] See, Davis v. Watson, 318 So.2d 169 (Fla. 4th DCA 1975), cert. denied, 330 So.2d 16 (Fla. 1976); Arnold v. Shumpert,217 So.2d 116 (Fla. 1968).
[4] See, e.g., Op. Att'y Gen. Fla. 78-20 (1978) (in absence of general law authorizing such contract be made, state agency is not authorized to enter into indemnification contract imposing liability upon state); Op. Att'y Gen. Fla. 84-103 (1984) (municipality prohibited from agreeing to indemnify a private for-profit corporation for financial losses that might be suffered over term of agreement in the provision of emergency medical services to inhabitants of a three-county area).
[5] See, Op. Att'y Gen. Fla. 90-21 (1990).