Colonel Henry T. Swann, III Department of Military Affairs Office of the Adjutant General Post Office Box 1008 St. Augustine, Florida 32085-1008
Dear Colonel Swann:
You ask substantially the following question:
May the Florida National Guard enter into a land use agreement that contains an indemnification agreement?
In sum:
In the absence of specific legislative authorization, the Florida National Guard may not enter into a land use agreement with Pasco County that contains an indemnification agreement.
"Article X, section 13, Florida Constitution, provides in part that "[p]rovision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating." Thus, the power to waive the state's sovereign immunity rests with the state Legislature."[1]
With the enactment of section 768.28, Florida Statutes, the Legislature has created a limited waiver of the state's immunity in tort.[2] Monetary limitations are specified to allow payment of a judgment against the state or its agencies or subdivisions to any one person not to exceed $100,000 for any claim or judgment which, when totaled with all other claims or judgments paid by the state arising out of the same incident or occurrence, does not exceed $200,000.[3]
The waiver of the state's immunity in tort has already been accomplished by section 768.28, Florida Statutes. I am not aware of any statutory provision that authorizes the Florida National Guard to alter the terms of section 768.28, Florida Statutes, by contract. While the courts have recognized that a legislative grant of the power to contract constitutes a waiver of the state's sovereign immunity to be sued in contract,[4] I am not aware of any decision concluding that such authority encompasses the power to waive the state's sovereign immunity in tort beyond that which is already provided in section 768.28, Florida Statutes.
Section 768.28(18), Florida Statutes, provides in part:
"Neither the state nor any agency or subdivision of the state waives any defense of sovereign immunity, or increases the limits of its liability, upon entering into a contractual relationship with another agency or subdivision of the state. Such a contract must not contain any provision that requires one party to indemnify or insure the other party for the other party's negligence or to assume any liability for the other party's negligence."
In Attorney General Opinion 95-12, this office was asked to consider whether the above provision only prohibits a clause in which the Department of Health and Rehabilitative Services (HRS) would indemnify the county or would assume liability for the county's negligence. While the second sentence of section768.28(18), Florida Statutes, prohibits such a clause, the first sentence of the statute clearly provides that a state agency may not waive any defense of sovereign immunity or increase the limits of its liability when entering into a contract with a political subdivision of the state. Thus, this office concluded that HRS could not enter into an agreement containing indemnification or hold harmless provisions that altered the state's waiver of immunity in tort or otherwise imposed liability on the department for which it would not otherwise be responsible by law.
In a subsequent informal opinion to the Assistant City Attorney for Coral Springs, this office was asked to comment upon the validity of an interlocal agreement provision stating that the city agreed to bear the responsibility for the defense of and cost incurred in defending the school board from any and all liability resulting from the city's own actions.[5] While this office recognized that it will not pass on the validity of any particular contractual provision, it stated that the city could not waive any defense of sovereign immunity or increase the limits of its liability by contract:
This conclusion would not preclude a contractual provision in the interlocal agreement which would clearly provide that each party will be liable for any losses or damages for which that party may be found legally responsible, however, it would appear to preclude any indemnity or hold harmless provisions in this contract.
In the instant inquiry, section 7 of the proposed agreement provides:
"To the extent permitted by law and by Florida Statutes 768.28, the GUARD agrees to indemnify, defend, and hold harmless COUNTY and all of its agents and employees from any claim, loss, damage, cost, charge, or expense, including attorneys' fees and costs, arising from or in connection with: (i) the GUARD's use of the Site; (ii) any act, omission, or negligence of the GUARD or any of its partners, directors, officers, agents, employees, invitees, or contractors; or (iii) any accident, injury, or damage whatsoever occurring on the Site."
While it might be argued that the above section, by recognizing that any indemnification by the Guard must be consistent with law and section 768.28, Florida Statutes, does not grant the county any greater rights than it currently possesses under the statutes, section 8 of the proposed agreement provides that the Guard "waives all rights, claims, demands, and forever releases and discharges the County and its employees and agents from all demands, claims, actions, and causes of action, arising out of or relating to the Agreement."
As discussed above, the opinions of this office have recognized that a public agency may not, in the absence of a statute, enter into hold harmless or indemnification agreements that alter the state's waiver of immunity in tort or otherwise impose liability on the agency for which it would not otherwise be responsible. Moreover, while a public agency would not be precluded from entering into a contract that contains a provision clearly stating that each party will be liable for any losses or damages for which that party may be found legally responsible, contractual provisions requiring a public agency to hold harmless or indemnify another entity for the public agency's acts may be construed by the courts as extending the liability of the agency beyond that for which it would otherwise be legally liable.
Accordingly, I am of the opinion that in the absence of specific legislative authorization, the Florida National Guard may not enter into a land use agreement with Pasco County that contains an indemnification agreement.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968); Davisv. Watson, 318 So.2d 169 (Fla. 4th DCA 1975), cert. den.,330 So.2d 16 (Fla. 1976). Cf., s. 1, Ch. 99-325, Laws of Florida, creating s. 215.245, Fla. Stat. (1999), to permit the state and its political subdivisions to enter into indemnification agreements with the Federal Government with respect to water resources development projects.
[2] See, s. 768.28(1), Fla. Stat., stating in part:
"In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. . . ."
And see, Department of Health and Rehabilitative Services v.McDougall, 359 So.2d 528, 532 (Fla. 1st DCA 1978) (a state agency is liable for a wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or such agency, if a private person, would be liable to the claimant in accordance with the general laws of this state).
[3] Section 768.28(5), Fla. Stat.
[4] See, Pan-Am Tobacco Corporation v. Department ofCorrections, 471 So.2d 4 (Fla. 1984).
[5] See, Inf. Op. to Mr. Leonard G. Rubin, dated November 6, 1996.