Ms. Denise D. Dytrych Palm Beach County Attorney Post Office Box 1989 West Palm Beach, Florida 33402-1989
Dear Ms. Dytrych:
You ask substantially the following questions:
1. May a county agree to indemnify another party to a contract for the county's own negligence in performance of the contract, if such indemnity does not exceed the limits in section 768.28, Florida Statutes?
2. If not, may the county agree to indemnify to the extent allowed by law, with a disclosure that such indemnification may be found void by a court of law and that the contracting party agrees to waive an estoppel argument to prevent the county from asserting that the indemnification is void?
3. May a county agree to purchase insurance to cover claims arising from a contract and name the contracting party as an additional insured or, alternatively, pay additional funds to the contracting party to purchase such insurance?
4. May a county agree that attorney's fees and costs will be paid to the prevailing party in a dispute arising from a contract, without an appropriation budgeted to cover the potential liability?
In sum:
1. 2. A county may not agree to indemnify another party to a contract or alter the state's waiver of sovereign immunity such that the county's liability may be extended beyond the limits established in section 768.28, Florida Statutes.
3. A county may not agree to purchase insurance to cover claims arising from a contract and name the contracting party as an additional insured or, alternatively, pay additional funds to the contracting party to purchase such insurance. It is recognized, however, that a private vendor or party contracting with a public entity may incorporate the need for additional funds to purchase insurance in its bid, such that the funds paid to the party will be used to purchase insurance to cover claims arising from the contract.
4. A county may not enter into an agreement that attorney's fees and costs will be paid to the prevailing party in a dispute arising from a contract to the extent such an agreement may alter the limits of liability established in section 768.28, Florida Statutes.
Questions One and Two
The ability to bring suit against the state and its subdivisions is derived from Article X, section 13, Florida Constitution, providing in part that "[p]rovision shall be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating." Thus, the power to waive the state's sovereign immunity rests with the state Legislature.[1]
By enacting section 768.28, Florida Statutes, the Legislature created a limited waiver of the state's immunity in tort.[2]
Monetary limits are specified to allow payment of a judgment against the state or its agencies or subdivisions to any one person not to exceed $100,000 for any claim or judgment that, when totaled with all other claims or judgments paid by the state arising out of the same incident or occurrence, does not exceed $200,000.[3]
It is well settled that section 768.28, Florida Statutes, constitutes the only manner in which the state's immunity in tort has been waived.[4] While it has been judicially recognized that a legislative grant of the power to contract constitutes a waiver of the state's immunity to be sued in contract,[5] there have been no decisions that such authority would allow a political subdivision to contract away its immunity in tort beyond that provided in section 768.28, Florida Statutes.
In light of the waiver of immunity in tort under section 768.28, Florida Statutes, on behalf of the state and its subdivisions, and in the absence of any statutory provision that authorizes a county to alter the terms of that section by contract, the county may not agree to indemnify another entity for the county's negligence beyond that in section 768.28, Florida Statutes. It makes common sense, however, that a county could contractually recognize its liability as provided by law.
The Supreme Court of Florida has recently determined in FloridaDepartment of Natural Resources v. Garcia[6] that a plain reading of section 768.28(18), Florida Statutes, shows that "government entities are only prohibited from entering into agreements to indemnify another government entity for the other entity's negligence, or to assume any liability for the other entity's negligence."
Section 768.28(18), Florida Statutes, expressly provides:
"Neither the state nor any agency or subdivision of the state waives any defense of sovereign immunity, or increases the limits of its liability, upon entering into a contractual relationship with another agency or subdivision of the state. Such a contractmust not contain any provision that requires one party toindemnify or insure the other party for the other party'snegligence or to assume any liability for the other party'snegligence. This does not preclude a party from requiring a nongovernmental entity to provide such indemnification or insurance." (e.s.)
While it has been argued that the above language only prohibits a clause in which the state agrees to indemnify another party or assume liability for the other party's negligence, this office has taken the position that the statute clearly provides that a state agency or a subdivision of the state may not waive any defense of sovereign immunity or increase the limits of its liability when entering into a contract with another party.[7] This interpretation would preclude the county from including language in a contractual agreement that would affect any defense the county may raise under section 768.28, Florida Statutes, or otherwise altering the extent of the state's waiver of sovereign immunity.
In Attorney General Opinion 99-56, this office was asked whether the Florida National Guard could enter into a land use agreement that contained an indemnification clause. While the agreement recognized that any indemnification would have to be consistent with state law, the contract further provided that the Guard waived all rights and released the county from all demands or claims arising from the agreement. This office concluded that, absent statutory authority, an agency may not enter into agreements that alter the state's waiver of immunity and such language releasing the county from liability arising under the contract might be construed as extending the liability of an agency beyond that for which it would otherwise be legally liable.
As applied to the instant situation, the Garcia decision recognizes that a county may agree to indemnify another public entity that is a party to a contract for the county's own negligence. Any such indemnification agreement, however, would have to be crafted to make clear that it does not alter the state's waiver of sovereign immunity or extend the county's liability beyond the limits established in section 768.28, Florida Statutes.
Accordingly, the county may agree to indemnify another party for the county's own negligence, but may not otherwise alter the extent of its liability under section 768.28, Florida Statutes.
Question Three
As noted above, a subdivision of the state may not enter into a contract with a provision that requires one party to indemnify or insure the other party for the other party's negligence.[8]
Moreover, as reflected in the previous discussion, nothing in a contract may alter the state's waiver of sovereign immunity.
Section 111.072, Florida Statutes, authorizes any county, municipality, or political subdivision to be self-insured, to enter into risk management programs, or to purchase liability insurance for whatever coverage it may choose or to have any combination thereof in anticipation of any judgment or settlement that its officers, employees, or agents may be liable to pay pursuant to a civil or civil rights lawsuit described in section111.07, Florida Statutes. This authority is reiterated in section768.28(15)(a), Florida Statutes, providing that the state's subdivisions are authorized
"to be self-insured, to enter into risk management programs, or to purchase liability insurance for whatever coverage they may choose, or to have any combination thereof, in anticipation of any claim, judgment, and claims bill which they may be liable to pay pursuant to this section."
The plain language of the statute limits the procurement of insurance for the coverage of claims, judgments and claims bills for which the governmental entity may be liable to pay pursuant to section 768.28, Florida Statutes. There is no authority to purchase insurance for the benefit of the other party to a contract, effectively providing for the indemnification of the other party.[9]
It is recognized, however, that a private vendor or party contracting with a public entity may incorporate the need for additional funds to purchase insurance in its bid or proposal, such that the funds paid by the county to the party for performance of the contract will be used to purchase insurance to cover claims arising from the contract.
Question Four
As discussed above, the county may not agree to alter the state's waiver of sovereign immunity and extend the county's liability beyond the limits established in section 768.28, Florida Statutes. Thus, a county may not enter into an agreement that attorney's fees and costs will be paid to the prevailing party in a dispute arising from a contract to the extent such an agreement alters the limits of liability established in section 768.28, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968); Davisv. Watson, 318 So.2d 169 (Fla. 4th DCA 1975), cert. den.,330 So.2d 16 (Fla. 1976). Cf., s. 215.245, Fla. Stat., permitting the state and its political subdivisions to enter into indemnification agreements with the Federal Government with respect to water resources development projects.
[2] See, s. 768.28(1), Fla. Stat., stating in part:
"In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. . . ."
And see, Department of Health and Rehabilitative Services v.McDougall, 359 So.2d 528, 532 (Fla. 1st DCA 1978) (a state agency is liable for a wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or such agency, if a private person, would be liable to the claimant in accordance with the general laws of this state).
[3] Section 768.28(5), Fla. Stat.
[4] See, Op. Att'y Gen. Fla. 99-56 (1999).
[5] See, Pan-Am Tobacco Corporation v. Department ofCorrections, 471 So.2d 4 (Fla. 1984). Section 768.28(2), Fla. Stat., includes counties and municipalities within the definition of "state agencies or subdivisions"
[6] Slip Op. No. SC93065, February 10, 2000, (Fla. 2000).
[7] See, Op. Att'y Gen. Fla. 95-12 (1995) (Department of Health and Rehabilitative Services was not authorized to enter into contractual agreement to hold another governmental entity harmless from any damage, loss, or injury arising out the negligence by departmental employees, agents, or subcontractors).
[8] See, s. 768.28(18), Fla. Stat.
[9] Cf., Ops. Att'y Gen. Fla. 94-14 (1994) and 93-34 (1993) (district school board may obtain insurance in excess of the limits of sovereign immunity in anticipation of claims bill which it may be liable to pay; by doing so, it does not waive its defense of sovereign immunity or increase its limits of liability).