L. F. SNEDIGAR, as Mayor of the City of Miami Beach, JOHN LEVI, BARON DEHIRSCH MEYER, WM. BURBRIDGE, VAL C. CLARY, HARRY M. HICE, ARTHUR CHILDERS, and R. W. RALSTON, as members of the City Council of the City of Miami Beach, CLAUDE A. RENSHAW, as City Manager of Miami Beach, C. W. TOMLINSON, as City Clerk and Tax Collector of the City of Miami Beach, J. J. FARREY, as Building Inspector of the City of Miami Beach, and H. V. YOCUM, as Chief of Police of the City of Miami Beach, v. E. D. KEEFER, *et ux.*, and FRANCES K. POWELL, *et vir.*

179 So. 421.

En Banc.

Opinion Filed February 21, 1938.

*J. Harvey Robillard,* for Appellants;
*Henry K. Gibson,* for Appellees.

ELLIS, C. J.—This is an appeal from a decree enjoining the city officials of Miami Beach from enforcing a zoning ordinance which applies to a certain part of the city lying between Eighth Street and 14th Street, and embracing certain property owned by the complainants on the east side of Collins Avenue between Tenth and Eleventh Streets. There was located on this property a building once used as a residence and which the owners leased for restaurant purposes, retaining in the building an apartment for themselves. E. D. and Blanche I. Keefer, complainants, were owners of the property and Frances K. Powell was the lessee, who intended to conduct a restaurant in the building.

It was alleged that permits had been obtained for necessary improvements and money expended and preparations made to conduct the business of a restaurant in the building when, as it is alleged, city officials interfered and threatened to prevent the use of the property under the provisions of the zoning ordinance.

It was alleged that the district covered by the ordinance was in a large measure devoted to business purposes and that the attempted restriction of the use of the property for certain purposes was an unreasonable exercise of the police power and the enforcement of it was discriminatory, whimsical and capricious.

A temporary restraining order was granted on application of complainants after a motion was made to dismiss the bill

and was overruled. An answer was interposed by the defendants and the cause referred to a master to take testimony and report his findings of fact and of law. In due course the master made his report in which he found that Keefer and wife were the owners of the property described in the bill; that under legislative authority the area embracing the complainants' residence was placed by a zoning ordinance in what was known as the "BB Business District," but later upon objections made by a considerable number of property owners the district embracing the residence was placed in what was called the "RE of Multiple-Family District." He found that after the passage of the latter ordinance the value of the property for residential purposes steadily declined and that the Keefers obtained permission from the authorities to operate a restaurant upon the premises and to make the necessary improvements to the building to make it suitable for such purposes; that the Keefers eventually succeeded in leasing the property to their co-complainant, Frances K. Powell, at a fairly reasonable rental for a term of five years; that the necesary improvement were made at considerable expense to both the Keefers and Mrs. Powell and thereupon in October, 1935, the City Manager advised Mr. Keefer that under the provisions of the ordinance the property was not available for rental purposes. The master found that the letter was based upon an amendment to the latter ordinance in which the district was referred to as the "B triple A modified Business District"; that there was no merit in the defendants' contention that "because of certain changes in the Zoning Ordinance the Keefer property at 1035 Collins Avenue is no longer available for a restaurant"; that the area from 8th Street to 14th Lane embracing the Keefer property is not desirable for residential purposes, "but has now developed into a commercial center with a definite demand

that types of business, such as enumerated under the B AA Business District of the Zoning Ordinance be permitted. That to confine these types of business to hotels with 100 or more guest rooms is arbitrary, unreasonable, and as applied to the Keefer property discriminatory"; that the operation of the Keefer residence as a restaurant would not affect the public health, safety, morals or welfare of the community; that it is not contended in the pleadings that the operation of the restaurant would constitute a nuisance. He also found that: "the value of the Keefer property (and of other old residences similarly located) for residential purposes, has decreased to such an extent as verges on confiscation provided its untilization for legitimate business purposes is further denied."

The Master also found, as a matter of law, that the restrictions imposed by the Ordinances and their amendments bear no substantial relation to the public health, safety, morals or general welfare, and further that as applied to the property involved in this litigation the provisions of the Ordinance are arbitrary, unreasonable, discriminatory and well nigh confiscatory; he also found that under the doctrine of equitable estoppel the defendants were estopped from interfering with the use of the property by the complainants for restaurant purposes. He found that the equities of the cause are with the complainants; that the allegations of the bill and the amendment thereto have been established by the evidence and that a decree should be entered according to the prayer of the bill.

Upon a final hearing upon this report and exceptions made thereto the Chancellor entered a decree confirming the Master's report and granting the relief prayed for in the bill. From that decree the appeal in this case was taken.

In view of the nature of the controversy established by

the pleadings in the case the evidence discloses no ground whatsoever upon which the decree could be attacked. The evidence is abundant to establish the unreasonableness of the ordinance under which the defendants proposed to act and that it bore no substantial relation to public morals, health, safety and welfare and was, as applicable to the defendants' property, confiscatory in character, a mere capricious and arbitrary exercise of the quasi-sovereign power.

Pursuant to an unwavering line of decisions of this Court, the burden of this appeal was upon the appellants to make the error clearly to appear. American Securities Co. v. Goldsberry, 69 Fla. 123, 67 South. Rep. 862; Jackson v. Jackson, 80 Fla. 557, 86 South. Rep. 510; Wang v. First Nat. Bank of Florida, 92 Fla. 974, 110 South. Rep. 527; Tampa Water Works Co. v. Wood, 104 Fla. 306, 139 South. Rep. 800.

No such error appearing from the record the decree of the chancellor is affirmed.

Affirmed.

So ordered.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.