FRED P. CONE, as Governor, J. M. LEE, as Comptroller, W. V. KNOTT, as State Treasurer, GEORGE COUPER GIBBS, as Attorney General, and NATHAN MAYO, as Commissioner of Agriculture, as and Constituting the Trustees of the Internal Improvement Fund of the State, and JAMES E. CONNOR, as their Agent, v. A. S. KING.

196 So. 697

En Banc

Opinion Filed June 7, 1940

324

[redacted]

*George Couper Gibbs,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for Appellants;

*T. G. Futch* and *C. Rogers Wells,* for Appellee.

WHITFIELD, J.—On this appeal from a final decree permanently enjoining and restraining "Fred P. Cone, as Governor of the State of Florida, J. M. Lee, as Comptroller of the State of Florida, W. V. Knott, as State Treasurer of the State of Florida, George Couper Gibbs, as Attorney General of the State of Florida, and Nathan Mayo, as commissioner of Agriculture of the State of Florida, and ex officio trustees of the Internal Improvement Fund of the State of Florida, and James E. Connor, as the duly designated, appointed and acting agent and representative in Citrus County, Florida, of the said Trustees of the Internal Improvement Fund of

the State of Florida, and each of them in their respective official or representative capacities * * * from receiving, accepting or considering any bids for the sale, or advertising the sale of, or selling or disposing of any lands located in Citrus County, Florida, the fee simple title to which said lands became vested in the State of Florida under the provisions of Chapter 18296, Acts of 1937, by virtue of any Tax Certificate or Certificates issued to the State of Florida, and upon which such Tax Sale Certificate the said Plaintiff, A. S. King, has not been paid his commission as Tax Collector of Citrus County, Florida, as provided by law without first collecting or securing to be paid to, or for the use and benefit of the said A. S. King his commission so due him."

Several interlocutory orders as well as the final decree are assigned as errors. One of such orders denied a motion to dismiss the bill of complaint, a ground of the motion being in effect that the title to the lands is vested in the State of Florida by Section 9, Chapter 18296, Acts of 1937, which lands the named State officers as "trustees of the State Internal Improvement Fund," have only authority to sell, and the State is not made a party to this suit.

In Hampton v. State Board of Education, 90 Fla. 88, 105 So. 323, 42 A. L. R. 1456, it was in effect held that where the members of the State Board of Education had no title to State school lands but only authority to sell the lands, a suit could not be maintained against the members of such State board to enforce their contract to convey the lands because it would in effect be an unauthorized suit against the State. Under the Internal Improvement Act of January 6, 1855, Section 1384 (1054), *et seq.*, C. G. L., the title to the Internal Improvement and swamp and overflowed land is vested in the trustees with authority to sell them,

therefore a suit against such trustees as to the Internal Improvement lands is not a suit against the State.

Courts are not authorized to enjoin the operation of a statute which has been duly adjudged to be constitutional and operative, unless the statute is being illegally applied or unless the statute or the challenged part of it is unconstitutional on unadjudicated grounds.

The bill of complaint alleges in effect that while plaintiff was tax collector for Citrus County he became entitled to commissions on sales of lands to the State through tax sale certificates, for non-payment of taxes, such commissions to be paid to him "upon the redemption or sale of the tax certificate or certificates issued to the State;" that the lands covered by some of such tax certificates became vested in the State of Florida in fee simple title on June 9, 1939, under Section 9 of Chapter 18296, Acts of 1937, the Murphy Act, which statute authorizes the trustees of the Internal Improvement Fund to sell the lands described in such tax certificates covered by Chapter 18296 that such trustees are preparing to, and will, sell such lands "without paying to, collecting for, or securing to be paid to, or for, the use and benefits of the * * * plaintiff, his commissions and fees for such sales;

"That said Section 9 of Chapter 18296, Acts of 1937, is unconstitutional and null and void in that it violates the constitutional rights of the plaintiff in taking away from him without due process of law his right of the collection of such commissions so due him and impairs the obligations of his contract for the payment of such commissions."

The Constitution commands that "the Legislature shall provide for the election in each county * * * of a tax collector" and other named county officers and that "their * * * duties and compensation shall be prescribed by law." Section 6, Article VIII.

As the duties and compensation of such officers are, under the Constitution, prescribed by law, such duties and compensation are statutory and not contractual; therefore plaintiff officer has no vested right to commissions against a subsequent statute vesting title to the lands in the State without the right of redemption. Chapter 18296 makes no provision for the payment of commissions, but does not impair any vested right of the officer. In this case the statute provides that the "tax collector shall not be entitled to any commission for the sale of such property made to the State of Florida until said commission is paid upon the redemption or sale of the tax certificate or certificates issued thereon to the State."

The tax certificates covered by Chapter 18296 have not been redeemed or sold; therefore the contingencies on which the commissions were to be paid have not occurred.

The lands described in the tax sale certificates that were held by the State and covered by Chapter 18296, which were not sold under Chapter 18296, became vested, without privilege of redemption, on June 9, 1939.

Chapter 18296 makes no provision for the disbursement of any money received by the Trustees of the Internal Improvement Fund for lands sold by them under the Act. The disbursement of such funds awaits the enactment of laws to regulate such disbursement.

Chapter 18296 being constitutional and it not being shown that the statute is being unconstitutionally applied, the courts have no authority to enjoin the operation of the statute.

Decree reversed with direction to dismiss the bill of complaint.

TERRELL, C. J., BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.