**STATE OF FLORIDA, ex rel. C. F. HULL, v. SPESSARD L. HOLLAND, as Governor of the State of Florida, et al.**

5 So. (2nd) 604                                                 Division B
January 16, 1942

M. A. Rosin, for relator.

J. Tom Watson, Attorney General, and Millard B. Conklin, Assistant Attorney General, for respondents.

TERRELL, J.:

Petition for alternative writ of mandamus was filed in this Court by the State on relation of C. F. Hull alleging that he was Tax Collector of DeSoto County for the years 1921 to 1936 inclusive, that during this period, he made sales of lands for non payment of taxes and was entitled to receive the lawful commissions for his services when the certificates were sold or redeemed, that by virtue of Chapter 18296, Acts of 1937, certain of said certificated lands reverted to the State because the certificates were not redeemed and are now being sold by respondents who are not paying relator his commission.

The petition prays that respondents be required to pay relator his commissions from the sales made under Chapter 18296, Acts of 1937. It is shown that a similar suit was brought in the Circuit Court of DeSoto County but was dismissed without prejudice, the Court indicating that Cone, et al., v. King, 143 Fla. 323, 196 So. 697, concluded the claim for commissions against petitioner.

We think the petition must be denied on authority of the last cited case because title having vested in the State before redemption of the certificates, which is a prerequisite for paying commissions, there is at present no authority for respondents to disburse any funds received for lands sold under Chapter 18296. We do not hold that the latter Act nullifies relator's claim. We hold merely that there exists no statutory authority for respondents to pay it. The condition under which it is authorized paid never having matured, Section 970, Supp. Compiled General Laws of 1927, it can now be paid only by legislative authorization.

There is no substance to the contention that this is a suit against the State; neither is there any ground to contend that the proceeds of lands sold under Chapter 18296 as a whole should pay relator's claim; any right to payment follows the law as above, that is to say, on the basis of redemption unless the legislature prescribes a different method.

The petition for alternative writ is therefore denied. It is so ordered.

BROWN, C. J., CHAPMAN and THOMAS, JJ., concur.