MAGER, Judge
(dissenting) :
I must respectfully dissent for the reason that the complaint, in my opinion, states a cause of action to sufficiently withstand the test of a motion to dismiss.
Plaintiff’s complaint, which is substantially set forth in the majority opinion, seeks to restrain the defendant-city from enforcing certain provisions of its zoning ordinances on the theory that such ordinances are invalid in their application to the plaintiff. There is ample authority to support the proposition that a suit in equity to enjoin the enforcement of a statute or ordinance is appropriate where it is claimed that the statute is being illegally applied or the challenged part is unconstitutional. Board of Commissioners of State Institutions. v. Tallahassee Bank and Trust Company, Fla.App.1958, 100 So.2d 67; Cone v. King, 1940, 143 Fla. 323, 196 So. 697; Snedigar v. Keefer, 1938, 131 Fla. 191, 179 So. 421; Ellison v. City of Fort Lauderdale, Fla.1965, 175 So.2d 198; Lightfoot v. State, Fla.1952, 64 So.2d 261; Setzer v. Mayo, 1942, 150 Fla. 734, 9 So.2d 280; Snedeker v. Vernmar, Ltd., Fla.1963, 151 So.2d 439; 6 Fla.Jur., Constitutional Law, § 72; Thompson v. City of Miami, Fla.1964, 167 So.2d 841; Keay v. City of Coral Gables, Fla.App.1970, 236 So.2d 133.
To the extent that the opinion of the majority recognizes equitable relief by way of an injunction, I concur. The sole determination, therefore, is whether the allegations of plaintiff’s complaint set forth sufficient facts so as to state a cause of action for injunctive relief.
It is interesting to observe that the motion to dismiss was filed not by the original named defendant but rather by parties intervening as defendants. The motion alleged the failure of plaintiff’s complaint to state a cause of action “because the plaintiffs were required to file a petition for writ of certiorari * * * The authorities hereinabove cited clearly indicate that a motion predicated on such basis is without merit. The trial court’s order of dismissal was not limited to this sole ground, the court additionally finding that the complaint “fails to state a cause of action against the defendants”.
What is noteworthy, however, is not the variance between the motion and the order but rather the fact that the entire cause was terminated by the action of an intervenor. Rule 1.230, FRCP, 30 F.S.A., provides in part that “intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion”. The record reflects an order which merely authorized defendant inter-venors “to intervene as party-defendants in this cause”. In accordance with Rule 1.230 such intervention therefore would be in subordination to the main proceeding and would thereby preclude the intervening defendants from challenging the sufficiency of the plaintiff’s complaint. The rights of an intervenor, generally, and in this specific connection, were discussed in Krouse v. Palmer, 1938, 131 Fla. 444, 179 So. 762, *488 where the Supreme Court of Florida held, at page 763:
“The law is settled that an intervener is bound by the record made at the time he intervenes and must take the suit as he finds it. He cannot contest the plaintiff’s claim against the defendant, but is limited to an assertion of his right to the res. He cannot challenge sufficiency of the pleadings or the propriety of the procedure, nor can he move to dismiss or delay the cause without permission of the Chancellor.” (Emphasis added.)
I mention the foregoing only as a factor to be considered in the totality of the circumstances of this case.
My dissent, however, is not predicated upon this specific occurrence but rather upon those principles applicable to the sufficiency of a complaint when tested by a motion to dismiss.
In Bond v. Koscot Interplanetary, Inc., Fla.App.1971, 246 So.2d 631, we observed:
“In Russell v. Community Blood Bank, Inc., Fla.App.1966, 185 So.2d 749, 750, it is stated:
‘ * * * [T]hat a defendant moving to dismiss a complaint is deemed, for the purpose of ruling on the motion, to have admitted all facts well pleaded in the complaint, as well as all reasonable inferences arising from those facts. E. g., Jackson Tom, Inc. v. Carlton, Fla.App.1961, 133 So.2d 752.’ (Emphasis added.)
“In Rice v. White, Fla.App.1962, 147 So.2d 204, 207, it is likewise stated:
‘Under our practice a motion to dismiss a complaint on the ground of failure to state a cause of action is addressed exclusively to the allegations of the complaint, the well-pleaded allegations being assumed to be true for the sole purpose of determining the validity of the motion. In other words, the court determines whether the plaintiff, if he later proves the allegations of his complaint, would thereby establish a cause of action against the defendant.’ (Emphasis added.)
“In Lytell v. McGahey Chrysler-Plymouth, Inc., Fla.App.1965, 180 So.2d 354, 355, citing Regan v. Davis, Fla.App.1957, 97 So.2d 324, it has been held that:
‘If a complaint states a cause of action upon any ground, a motion to dismiss the complaint for failure to state a cause of action should be denied. * * * ’ (Emphasis added.)”
In 25 Fla.Jur., Pleadings, § 46, the text observes :
“Broadly stated, a cause of action is the right that a party has to institute a judicial proceeding. The changes wrought by the adoption of the present rules have not relieved a plaintiff from his duty to state a cause of action in his complaint. A short and plain statement of the ultimate facts is sufficient where it informs the defendant of the nature of the cause against him. Evidentiary facts should not be pleaded. * * *
“Even though a complaint violates the spirit and intent of the rules governing pleading, if it states a cause of action in any part, the remaining parts may be considered as surplusage.” (Emphasis added.)
Tested by the foregoing principles the complaint contains sufficient allegations from which it can be reasonably concluded that a cause of action has been stated. To hold otherwise would seemingly result in requiring lengthy factual statements of an evidentiary nature not otherwise required under our present rules of pleading and practice.
The decision in Ellison v. City of Fort Lauderdale, supra, upon which the majority relies, also discusses the extent of “in *489 sufficiency” that would warrant dismissal of a complaint. In Ellison it was stated:
“ * * * But a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could he proved in support of the claim. Pleadings are to be liberally construed. * * *” (175 So.2d p. 200)
In the case sub judice the complaint sets forth the necessary ultimate facts giving rise to the claimed injury and the desired relief. Plaintiff desires to construct a fence around its golf course to prevent vandalism and claims that the zoning ordinance which would prevent such construction is invalid in its application to the plaintiff and the enforcement of such ordinance should be restrained. In my opinion, ultimate facts have been pled.
There is a distinction between “well pleaded allegations” and “proven allegations”. A motion to dismiss tests the sufficiency of the well pleaded allegation to state a cause of action and is not intended to evaluate the sufficiency of the proof necessary to sustain such pleadings. Whether the plaintiff can prove that the zoning ordinance, as applied to his property, “has no substantial relationship to the public health, morals, safety or general welfare * * * is a deprivation of * * * plaintiff’s property without due process of law * * * is discriminatory and the denial of equal protection of the law” is not determinative of whether the complaint states a cause of action. These are matters that are beyond the scope of a motion to dismiss. It seems to me that in affirming the dismissal the majority, in effect, has passed upon the sufficiency of the proof rather than the sufficiency of the allegations. See Kest v. Nathanson, Fla.App.1969, 216 So.2d 233.
There is a marked similarity between the allegations in the complaint sub judice and those which were held sufficient in Lieberman v. City of Miami Beach, Fla.App.1962, 147 So.2d 16. There, appellant was seeking an injunction against the enforcement of an ordinance and a declaration that it was unconstitutional and void. The court made the following pertinent observations:
“The appellant’s amended complaint charges substantially that the ordinance is vague and indefinite, deprives him of the right to earn a livelihood and does not bear any reasonable relationship to the public health, safety, welfare or morals of the community. These charges are coupled with the conclusion that the ordinance is discriminatory, arbitrary, and in violation of the equal protection and due process clauses of the Florida and Federal constitutions. The appellee City of Miami Beach moved to dismiss the amended complaint upon the solitary ground that it failed to state a claim upon which relief could be granted. After notice and hearing, the circuit court granted the motion and dismissed the amended complaint with prejudice. This appeal is from the order dismissing the amended complaint.
fi * * *
“A motion to dismiss concedes for the purposes of the motion the truth of the well-pled allegations of the complaint. It is on this basis alone that we conclude that the complaint as amended requires a responsive pleading by the appellee city. It may be, but we do not decide, that the circumstances and legislative policy leading to the enactment of this ordinance were such as to satisfactorily justify its legal enactment. Certainly a city such as the appellee has the police power granted to it under its charter and state law to regulate traffic upon its public streets for the safety and welfare of its citizens.’ But the question posed by the pleadings before us leaves in doubt whether this power has been arbitrarily and tmreasonably exercised.
“So as to prevent any misconstruction of the decision rendered here, we simply hold that the allegations of the amended complaint, without more, stated a cause of action.” (Emphasis added.)
*490 See also Rich v. Ryals, Fla.1968, 212 So.2d 641, illustrating a rather minimal criteria applicable to a complaint when filed by a governmental entity seeking to enjoin violation of a zoning ordinance.
A liberal construction should be accorded a complaint so as to allow a plaintiff to state his case and to facilitate an expeditious trial (25 Fla.Jur., Pleadings, § 39). I would reverse the decision of the trial court and permit the cause to proceed to a hearing on the merits.