The state Department of Natural Resources appeals a trial court order declaring unconstitutional portions of chapter 370, Florida Statutes (1977). This Court has jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
During the summer of 1978, Florida Marine Patrol officers arrested appellees Brown and McMullen, commercial fishermen, for possession of undersized crawfish in violation of section 370.14, Florida Statutes. Appellees sought declaratory relief in circuit court, challenging the constitutionality of sections 370.14(2)(a)1, 370.14(3)(c), 370.14(3)(i), and 370.021(5), Florida Statutes, and asking that proceedings against them in county court be enjoined. The circuit court agreed with appellees and granted the requested relief, declaring the above-listed statutes invalid. For the following reasons, we disagree and overturn the lower court's final judgment.
Section 370.14(2)(a)1, Florida Statutes, reads as follows:
 No person, firm or corporation shall take or have in his possession at any time regardless of where taken, any saltwater crawfish (spiny lobster or crayfish) of the species Panulirus argus unless such saltwater crawfish (spiny lobster or crayfish) of the species Panulirus argus shall have a carapace measurement of more than 3 inches or shall have a tail measurement not less than 5 1/2 inches, not including any protruding muscle tissue.
The lower court found the "have in his possession at any time" language to be vague, failing to give sufficient warning of proscribed conduct.
Although the term "possession" has not been defined specifically with reference to section 370.14(2)(a)1, that term has been defined in Florida case law. In a case concerning intoxicating beverages, this Court defined possession as "having personal charge of or exercising the right of ownership, management or control over" the item in question. Reynolds v.State, 92 Fla. 1038, 1041, 111 So. 285, 286 (1922). InReynolds the Court went on to state that "[t]here must, however, be a conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession." Id. Subsequent to its formulation, the Reynolds
definition has been applied in cases involving possession of firearms and illegal drugs. Jones v. State, 325 So.2d 436 (Fla. 1st DCA 1975), cert. denied 339 So.2d 1172 (Fla. 1976); Statev. Eckroth, 238 So.2d 75 (Fla. 1970); Arant v. State, 256 So.2d 515
(Fla. 1st DCA 1972). *Page 1291 
The above-quoted definition is clear, and, had the circuit court applied that definition" it would have found the term "possession" in section 370.14(2)(a)1 to be neither vague nor ambiguous. The circuit court expressed its concern that in order to measure a crawfish, the creature must be in one's possession, thereby subjecting the holder to criminal prosecution if the crawfish turns out to be undersized. Again, application of the second part of the Reynolds definition would have overcome such conclusion. The mere holding of a crawfish while measuring it to determine if it is of legal size is a superficial possession and is insufficient to support a criminal prosecution for illegal possession under section 370.14.
The lower court also declared unconstitutional section 370.14(3)(c) and part of section 370.021(5), finding that these sections impermissibly allowed warrantless searches without a showing of probable cause. Section 370.14(3)(c) provides that both a crawfish license and any harvested crawfish "shall be subject to inspection at all times." Section 370.021 sets out the powers and duties of the Department of Natural Resources regarding the provisions contained in chapter 370. Paragraph (5) of section 370.021 provides that department law enforcement officers have the authority, based on reasonable belief, to conduct warrantless searches and inspections.[1]
In Hill v. State, 238 So.2d 608 (Fla. 1970), this Court held that the inspection of shrimp boats to determine compliance with permit requirements was permissible and did not constitute an unreasonable search if done "within the framework of probable cause described in Section 370.021(5)." Id. at 611. See alsoMiranda v. State, 354 So.2d 411 (Fla. 3d DCA 1978), cert.denied 364 So.2d 888 (Fla. 1978); Roth v. State, 378 So.2d 794
(Fla. 2d DCA 1979). The "reason to believe" standard contained in section 370.021 (5), therefore, has been construed to mean probable cause. Although the circuit court considered Hill in its final judgment, it misinterpreted this Court's construction of the pertinent language. Because the "reason to believe" standard is the equivalent of probable cause, neither section 370.14(3)(c) nor section 370.021(5) suffers from a probable cause deficiency as found by the circuit court.[2]
Finally, the circuit court found section 370.14(3)(i)[3]
invalid in that the bond provision contained therein bears no reasonable relationship to any proper governmental purpose and fails to state the type of bond required or the standards for approval of a bond. A bond required by law must be *Page 1292 
construed in view of such law with the purpose of such bond being to accomplish the objectives of the law. Loveland v. Lazzara,219 So.2d 74 (Fla. 2d DCA 1969).
The purpose of section 370.14 is "to maintain the crawfish industry . . . and to conserve the stocks supplying this industry." § 370.14(1), Fla. Stat. To effectuate this purpose, possession of undersized crawfish is prohibited. § 370.14(2)(a)1, Fla. Stat. Undersized crawfish, however, are useful for luring large crawfish into traps. In order to aid fishermen in their quest for legal size crawfish, the legislature included paragraph (3)(i) in section 370.14 which, in effect, allows such fishermen an exception to the absolute prohibition contained in 370.14(2)(a)1. Access to this exception is by posting a bond payable to the Saltwater Products Promotion Trust Fund, the purpose of that fund being to promote saltwater products, quality control, and law enforcement. The required bond, therefore, bears a reasonable relationship to the purposes of protecting the crawfish industry and promoting saltwater products and is not constitutionally invalid.
We hold, therefore, that sections 370.14(2)(a)1, 370.14(3)(c), 370.14(3)(i), and 370.021(5) are not unconstitutional exercises of the legislature's power to regulate natural resources. The circuit court's final judgment is hereby quashed, and this cause is remanded to that court for further proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.
[1] The portion of § 370.021(5) invalidated by the circuit court reads as follows:
. . . Such authority to search and inspect without a search warrant is limited to those cases in which such law enforcement officers have reason to believe that fish or any saltwater products are taken or kept for sale, barter, transportation, or other purposes in violation of laws or rules promulgated under this law. . . .
[2] This opinion concerns probable cause only for purposes of inspections or searches and consequent arrests and supports the rule that facts constituting probable cause for arrest "need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which conviction must be based."State v. Outten, 206 So.2d 392, 397 (Fla. 1968); Smith v.State, 363 So.2d 21 (Fla. 3d DCA 1978).
[3] Section 370.14(3)(i) provides as follows:
Upon posting a $250 bond, payable to the Florida Saltwater Products Promotion Trust Fund and approved by the Division of Law Enforcement, a license holder may possess, while on the water, undersized crawfish not exceeding 200 per license or 3 per trap aboard each boat, whichever is greater, if used exclusively for luring or decoying noncaptive crawfish into traps. Such undersized crawfish must be kept alive, wet, and shaded while in possession and shall be returned and released to the water alive and unharmed immediately upon leaving the trap lines and prior to 1 hour after official sunset. Any boat or undersized crawfish shall be subject to inspection and search without a search warrant for violation of this section by any authorized agent or employee of the division or by any other law enforcement officer, provided such inspection or search is conducted when the owner or operator is on board such boat. Upon conviction of the illegal possession of undersized crawfish tails, the license holder shall forfeit said bond to the fund.