418 So.2d 1204 (1982)
Thomas R. "Blue" FULFORD, et al., Appellants,
v.
D. Robert GRAHAM, Governor; George Firestone, Secretary of State; Jim Smith, Attorney General; Gerald A. Lewis, Comptroller; Bill Gunter, Treasurer; Doyle Conner, Commissioner of Agriculture; Ralph D. Turlington, Commissioner of Education, As and Constituting the State of Florida Board of Natural Resources; Elton Gissendanner and John J. Brown; Braden River Civic Association, Inc., et al., Appellees.
No. AB-156.
District Court of Appeal of Florida, First District.
September 1, 1982.
*1205 Daniel S. Dearing of Dearing & Smith, Tallahassee, for appellants.
Jim Smith, Atty. Gen., and Bruce Barkett, Asst. Atty. Gen., for appellees.
Ernest S. Marshall, Bradenton, for Braden River Civic Ass'n, Inc., et al., intervenors  appellees and cross/appellants.
H. William Thompson, Port Charlotte, for Charlotte County, intervenor.
Robert M. Rhodes and James Hauser of Messer, Rhodes & Vickers, Tallahassee, for Southeastern Fisheries Ass'n, Inc., amicus curiae.
SHIVERS, Judge.
Appellants are commercial fishermen who either fish with nets in Florida's salt waters or who navigate through Florida's salt waters. In their suit they challenged the constitutionality of a number of special and local acts purporting to regulate salt water fishing on a county by county basis. Their suit also sought a declaration that section 370.08(1), Fla. Stat. (Supp. 1978), which makes it unlawful to possess a net in any county where its use is prohibited, is unconstitutional.
Appellants seek review of that part of the trial court's declaratory judgment holding constitutional the majority of the challenged special and local acts. Cross-appellants Braden River Civic Association, Inc., et al., seek review of that part of the judgment holding unconstitutional section 370.08(1), and those portions of the special acts which make it unlawful to possess a net in any county where its use is prohibited. The special and local acts, mainly, either restrict the use of nets or restrict the size of nets in certain specific locations.
Appellants contend that the special and local acts, regulating access to marine resources of the state, must be related to conservation of these resources. Appellants insist that if these acts cannot be shown to have a reasonable relationship to conservation of the resource, they are invalid expressions of the police power, violations of substantive due process and impermissible burdens on interstate commerce. Appellants argue that even if the challenged acts do bear a reasonable relationship to conservation, the acts are so vague that they offend notions of due process.
We affirm that portion of the trial court's order upholding the constitutionality of the challenged special and local acts.
In determining whether an act is unconstitutional, the party asserting the invalidity bears the burden. Village of North Palm Beach v. Mason, 167 So.2d 721 (Fla. 1964). Appellants have not met their burden. Any legislative enactment carries a strong presumption of constitutionality including a rebuttable presumption of the existence of necessary factual support in its provisions; if any state of fact, known or to be assumed, justifies the law, the court's power of inquiry ends; questions as to the wisdom, need or appropriateness are for the legislature. State v. Bales, 343 So.2d 9 (Fla. 1977).
The evidence adduced at trial, including the general comments of the experts who testified, does not serve as a sufficient basis to declare the acts unconstitutional in light of the presumption of constitutionality.
Regulations governing access to marine resources are not restricted to conservation purposes. Ex parte Powell, 70 Fla. 363, 70 So. 392 (1915). E.g., the purpose may be promotion of tourism (Nash v. Vaughn, 133 Fla. 499, 182 So. 827 (1938)); the purpose may be an economic one (Kenny v. Kirk, 212 So.2d 296 (Fla. 1968), and Tingley v. Brown, 380 So.2d 1289 (Fla. 1980)); the purpose may be in furtherance of public and private recreation (section 376.021(1) and (2), Fla. Stat. (1981)); or the purpose may be for other legitimate state interests related to the general welfare.
*1206 In Price v. City of St. Petersburg, 29 So.2d 753 (Fla. 1947), the court upheld a statute which the appellants urged was unconstitutional, not being a conservation measure but a discrimination between different types of net fishermen and hook-and-line fishermen. The court announced the following standard:
The determination of facts upon which the validity or constitutionality of statutes may depend is primarily for the legislature; the general rule being the court will acquiesce in the legislative decision unless it is clearly erroneous, arbitrary, or wholly unwarranted.
Appellants have not shown that these special and local acts are clearly erroneous, arbitrary or wholly unwarranted.
We conclude that the acts do not impermissibly hinder interstate commerce. Any affecting of interstate or foreign commerce is incidental or indirect and beyond the purposes of the various acts and does not invalidate the acts. See, State v. Millington, 377 So.2d 685 (Fla. 1979).
We find that the regulations and restrictions so enacted are for constitutional purposes. The appellants have not shown they violate substantive due process of law, or that they are invalid expressions of the police power, or that they are unconstitutionally vague. We affirm the trial court's judgment of constitutionality.
We disagree, though, with the trial court's decision holding section 370.08(1), Fla. Stat. (Supp. 1978) unconstitutional and reverse that portion of the order holding this general statute invalid. We find that this section 370.08(1) has a legitimate purpose and that it does not represent an unconstitutional restriction on interstate commerce.
Section 370.08(1), Fla. Stat. (Supp. 1978) provides:

Illegal possession of seines and nets.  No person may have in his custody or possession in any county of this state any fishing seine or net, the use of which for fishing purposes in such county is prohibited by law. Such possession shall be evidence of a violation of this subsection by both the owner thereof and the person using or possessing said net. The provisions of this subsection shall not apply to shrimp nets, to pound nets or purse nets when used in taking menhaden fish, to seines used exclusively for taking herring, or to legal beach seines used in the open gulf or Atlantic Ocean if the possession of such nets is not prohibited in the county where found. Violation of this subsection is a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The states have a legitimate interest in regulating the taking of fish, and legislation designed to regulate the fishing industry is an appropriate power to be exercised by the state. See, Nash v. Vaughn, supra. Florida, in particular, has long recognized that the protection and regulation of salt water fishing is an appropriate subject for legislative enactment. Ex parte Powell, supra.
In Lewis v. BT Investment Managers, Inc., 477 U.S. 27, 100 S.Ct. 2009, 64 L.Ed.2d 702 (1980), the Supreme Court noted that where the state enactments imposed only indirect burdens on the free flow of trade, and where the effect is visited equally upon both interstate and local commerce, the statute passes constitutional muster. We find the restrictions imposed by section 370.08(1) and those portions of the special acts which make it unlawful to possess a net in any county where its use is prohibited fall equally on interstate and local commerce. We further find this statute and these special acts are reasonably related to the legitimate state interests of regulating the fishing industry.
Accordingly, we affirm the judgment of the trial court in all respects except insofar as it declares unconstitutional section 370.08(1), Fla. Stat. (Supp. 1978) and those portions of the special acts which make it unlawful to possess a net in any county where its use is prohibited. We vacate and reverse that portion of the judgment.
*1207 AFFIRMED in part and REVERSED in part.
ERVIN and WENTWORTH, JJ., concur.