436 So.2d 150 (1983)
STATE of Florida, Appellant,
v.
Jay Tim PERKINS, Jacobs Zeches, Mark Eugene Angle, Ezeliel Byrd, Robert Campbell, Andrew A. Dean, Ray Whitney Fish, Jerry Vincent Golden, Herschel F. Griffin, Jack R. Boyle, and Paul Mervin Gaither, Appellees.
Nos. 82-477, 82-478, 82-493 to 82-500, 82-955 and 82-956.
District Court of Appeal of Florida, Second District.
February 11, 1983.
Rehearing Denied March 22, 1983.
*151 Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellant.
Elizabeth Anne Goodale, Largo, for appellees.
SCHEB, Acting Chief Judge.
In these consolidated appeals, appellees were charged in county court with violating a Special Act of the legislature. The court dismissed the charges against each, holding the act unconstitutional, and the state now appeals. We have jurisdiction pursuant to Article V, section 4(b)(1), Florida Constitution; section 26.012(1), Florida Statutes (1981); and Florida Rule of Appellate Procedure 9.030(b)(1)(A). We reverse.
Each appellee was charged with using a seine, gill net, or other net within fifty yards of a dock or pier in Pinellas County in violation of Chapter 81-465, section 1, Laws of Florida.[1] They pled not guilty and filed motions to dismiss, attacking the constitutionality of the Special Act. Their motions alleged the act was a violation of equal protection, unconstitutionally vague, arbitrary and capricious, and beyond the police power of the state. After hearing arguments of counsel, the trial court granted their motions to dismiss, holding that Special Act 81-465 was unconstitutional, the court:
having found no rational decision or rational basis for prohibiting net fishing simply because it is within 50 yards of a dock.
This Act obviously is simply designed to protect the private interest of people who happen to own docks along the waterways of Pinellas County. It does not have any foundation or basis for the protection of the environment or natural resources of the State, or any other thing in which the State has a rational police power or power to regulate under the police power.
In challenging the county court's order finding Chapter 81-465 unconstitutional, the state argues that the Florida Supreme Court has long recognized that the legislature may enact special or local laws for the protection of fish in this state. Nash v. Vaughn, 133 Fla. 499, 182 So. 827 (1938); Price v. City of St. Petersburg, 158 Fla. 705, 29 So.2d 753 (1947). The state emphasizes that in determining the constitutional validity of legislation, the courts are to consider only the power of the legislature to enact the particular provision involved and not the policy, wisdom or necessity for the enactment. *152 The challenged Act, the state argues, therefore passes constitutional muster.
Appellees, on the other hand, posit three principal arguments to sustain the trial court's judgment. First, they note that the present Florida Constitution prohibits the enactment of Special Acts or general laws of local application which pertain to the regulation of occupations regulated by state agencies. Second, they argue that there is no rational basis to prohibit the use of a net within fifty yards of a dock or pier. Such restriction, they say, does not relate to conservation of the state's resources or protection of its environment. Finally, they contend that the Special Act violates the equal protection clause of the constitution.
In evaluating appellees' arguments, we start with the well-established principle that legislative enactments carry a strong presumption of validity with all doubt resolved in favor of the constitutionality of a statute. State v. Kinner, 398 So.2d 1360 (Fla. 1981). As the state correctly points out, any questions as to the wisdom, need, or appropriateness of a particular enactment are for the legislature. State v. Bales, 343 So.2d 9 (Fla. 1977). Finally, the party asserting the unconstitutionality of a legislative enactment bears the burden of demonstrating clearly that such act is invalid. Village of North Palm Beach v. Mason, 167 So.2d 721 (Fla. 1964). We find that in their assault on Chapter 81-465, appellees have failed to carry this burden.
In support of their first argument, appellees correctly point out that Article III, section 11(20), of the Florida Constitution prohibits any Special Act pertaining to an occupation regulated by the state. This, they say, renders Chapter 81-465 invalid. We disagree. We recognize that Chapter 370, Florida Statutes (1981), already provides for state regulation of the salt water fisheries industry. However, Chapter 81-465 is not an attempt to regulate the commercial fishing industry; rather, it merely governs access to marine resources in the Pinellas County area. Furthermore, it is well established that the right of property in fish in the salt waters of the state is common to all people and cannot be claimed by any particular individuals. The people have a right to take fish from the salt waters subject to regulations imposed by the state for the benefit of the people of the state.
The Florida Supreme Court has long recognized that the legislature may enact special or local laws for the protection of salt-water fish in this state.[2]Nash v. Vaughn. Indeed, many sessions of the legislature have addressed the need for restricting salt-water fishing on a local basis by enacting special and local laws concerning salt-water fishing and particularly the use and size of nets.[3] Recently, the First District in Fulford v. Graham, 418 So.2d 1204 (Fla. 1st DCA 1982), upheld the constitutionality of a number of special and local acts which regulated salt-water fishing on a county-by-county basis. Those legislative enactments contained restrictions on the use or size of nets in certain specific locations.
Appellees' second and third arguments are also without merit. They contend that no rational basis exists for the fifty-yard limit from docks and, further, that Chapter 81-465 violates their equal protection rights. However, since the act has not clearly been shown to be arbitrary and capricious, it is not our function to question its wisdom, need, or appropriateness. State v. Bales. Clearly the state has a sovereign interest in the salt-water fish of the state and the act, which is directed to all persons, attempts to strike a balance between use of the salt waters for fishing, recreational interests, *153 or for other legitimate state interests related to the general welfare.
Accordingly, we reverse each of the trial court's orders and remand each case for further proceedings.
RYDER and SCHOONOVER, JJ., concur.
NOTES
[1] Chapter 81-465, section 1, provides that:

No seine, gill net, or other net, except a common cast net, shall be set or used for the taking of food fish from the salt waters of Pinellas County within 50 yards of any dock or pier.
[2] It is noteworthy that while Article III, section 11(19), of the Florida Constitution forbids enactment of special acts regulating fresh-water fishing, no corresponding constitutional provision proscribes enactment of special or local acts in regard to salt-water fishing in this state.
[3] See, e.g., Laws of Fla, Ch. 79-514, Ch. 80-524, Ch. 80-540, Ch. 81-376(21), Ch. 81-409, and Ch. 81-472.