JORGENSON, Judge.
The Florida Marine Patrol seized 22,000 pounds of lobster tails which had been shipped from Belize, South America, via Miami International Airport. The tails were en route to Chicago and had been temporarily deposited with a Miami freight forwarder. The state instituted forfeiture proceedings pursuant to section 370.061, Florida Statutes (1985), which resulted in a joint stipulation of dismissal.[1] Thereafter, the appellant, the National Fishermen Producer’s Co-operative Society (Co-op), the stipulated owner of the tails, petitioned the trial court for relief from the order of dismissal. The trial court denied the relief requested.[2] We affirm.
The Co-op raises the questions of whether the seizure of the tails was an infringement on interstate commerce and a violation of the due process clause. We hold that the Florida regulations regarding the possession of the tails, even though in interstate transit, are not too burdensome on interstate commerce so as to violate the commerce clause. Bayside Fish Flour Co. v. Gentry, 297 U.S. 422, 56 S.Ct. 513, 80 L.Ed. 772 (1936); New York ex rel. Silz v. Hesterberg, 211 U.S. 31, 29 S.Ct. 10, 53 L.Ed. 75 (1908); Kenny v. Kirk, 212 So.2d 296 (Fla.1968); White v. Penton, 92 Fla. 837, 110 So. 533 (1926).
The purpose of Chapter 370, Florida Statutes (1985),[3] which regulates the taking and possession of saltwater fish, is to conserve Florida’s marine life, which is valuable to its economy, and to protect certain species from extinction. Tingley v. Brown, 380 So.2d 1289 (Fla.1980); Kenny, 212 So.2d at 297; cf. Hesterberg, 211 U.S. at 38, 29 S.Ct. at 11, 53 L.Ed. at 79. To effectuate this purpose, the Florida legislature has declared that possession of undersized crawfish and possession of any crawfish during closed season is prohibited. § 370.14(2)(a)1, (4), Fla.Stat. (1985); Tingley, 380 So.2d at 1292. The Co-op admits lobsters taken from waters within the jurisdiction of the state and those taken from international waters are indistinguishable,[4] Kenny, 212 So.2d at 297, thus necessitating the Florida statutes which safeguard the crawfish industry and regulate the possession of saltwater fish as a valid exercise of *432 the police power of the state. Hesterberg, 211 U.S. at 41, 29 S.Ct. at 12, 53 L.Ed. at 80; see Kenny, 212 So.2d at 298; cf. Fulford v. Graham, 418 So.2d 1204, 1206 (Fla. 1st DCA 1982). Any indirect effect on interstate commerce is, therefore, purely incidental and not a violation of the commerce clause. Hesterberg, 211 U.S. at 41, 29 S.Ct. at 12, 53 L.Ed. at 80; Kenny, 212 So.2d at 298. Nor are the regulations a violation of the due process clause. Hesterberg, 211 U.S. at 38, 29 S.Ct. at 11, 53 L.Ed. at 79; Kenny, 212 So.2d at 298; see Tingley, 380 So.2d at 1292. Since the record does not demonstrate any infirmity in the statutory procedure followed in this case in disposing of the lobster tails, see § 370.061, Fla.Stat. (1985), we are likewise unable to conclude that the actions of the state have offended due process. Bruce v. Malloy, 150 Fla. 157, 163-64, 7 So.2d 123, 126 (1942) (en banc).
Affirmed.[5]

. Since the true owner of the lobster tails was unknown to the officers at the time of the seizure, the necessity of an arrest as a condition precedent to the forfeiture was abrogated. § 370.061(1), Fla.Stat. (1985); see Bruce v. Malloy, 150 Fla. 157, 7 So.2d 123 (1942) (en banc). There is nothing in the record to support a claim of ownership on behalf of the appellant until approximately one month after the forfeiture was filed.

. The ruling of the trial court was based, in part, on an evidentiary hearing involving issues of duress and coercion. The record contains no transcript of the proceedings; hence, we decline to consider appellant’s position on these evidentiary grounds on appeal. E.g., Morceau v. Meader, 179 So.2d 242 (Fla. 3d DCA 1965). See also Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).

. Section 370.14(2)(a)l and section 370.14(4) provide:
(2) TAKING OF CERTAIN CRAWFISH PROHIBITED.
(a)l. No person, firm or corporation shall take or have in his possession at any time, regardless of where taken, any saltwater crawfish (spiny lobster or crayfish) of the species Panulirus argus unless such saltwater crawfish (spiny lobster or crayfish) of the species Panulirus argus shall have a carapace measurement of more than 3 inches or shall have a tail measurement not less than 5 ½ inches, not including any protruding muscle tissue.
******
(4) CLOSED SEASON. — No person, firm, or corporation shall take or have in his possession, regardless of where taken, any saltwater crawfish (spiny lobster or crayfish) of the species Panulirus argus, during the closed season of April 1 through July 25 of each year, except by special permit and as provided by s. 370.141, for storage and distribution of inventory stocks.

.Appellant concedes that there is a recognized procedure for shipping "in bond” which was not followed in this case. See Kenny, 212 So.2d at 297-98.

. We take no view on whether the joint stipulation of dismissal with prejudice would have any res judicata effect on any subsequent suit by the Co-op to regain the cost of the 117 cases of lobster tails which were seized and kept by the state.