GLICKSTEIN, Judge.
On May 25, 1978, John A. Wolmer filed a complaint, challenging the constitutionality of chapter 25714, Laws of Florida (1949), which regulates salt water fishing in Bro-ward County, and seeking declaration that section 370.08(1) Florida Statutes (1977), which makes it unlawful to possess a net in any county where its use is prohibited, is unconstitutional. John C. Noyes and Richard Van Munster were allowed to intervene as plaintiffs. Because the assigned trial judge never entered a final order for five years after verbalizing on the record several thoughts, the chief judge was apparently required to assume responsibility for doing so. The plaintiffs assumably have lost interest herein, for they have filed no brief. The facts of this case will be phrased in the *638 present tense, as they existed at the time of the original hearing, though we realize some of them may have changed since the time this case was heard by the trial court.
Plaintiff/appellee, John Wolmer, is a resident of and does business in Broward County, Florida as a commercial net fisherman and as owner and operator of Broward Bait Supply, Fort Lauderdale, Florida. Wolmer fishes for ballyhoo. Plaintiff/ap-pellee, Richard Van Munster, resides in West Palm Beach, Florida and does business as a commercial net fisherman fishing for bait fish in the salt waters of the State of Florida, which he sells to Broward Bait Supply in Fort Lauderdale, Florida. Plaintiff/appellee, John Noyes, is a marine life fisherman who sells varied species of fish to the aquarium and research markets.
Plaintiffs/appellees alleged in their amended complaint that chapter 25714, Laws of Florida (1949), is overly broad, has no redeeming protective quality for protection of the resource, and is, therefore, an unreasonable regulation of their right to fish for ballyhoo in salt waters of the State of Florida.
The final judgment recites:
1. Chapter 25714, Laws of Florida (1949), serves the public purpose in promotion of the welfare of the people by encouraging a broader distribution of the fish resource, and promotion of tourism. In addition, the decision of the legislature to prohibit the use of fishnets in the saltwaters of Broward County is not clearly erroneous, arbitrary, or wholly unwarranted. Chapter 25714 is therefore a constitutional enactment by the legislature of this state.
2. The temporary injunction of the enforcement of Chapter 25714 only as to Plaintiff John C. Noyes for his use of barrier nets to catch reef dwelling fish for public display and for scientific studies is made permanent.
3. Section 370.08(1), Florida Statutes (1979), is unconstitutional as applied to Plaintiffs, John A. Wolmer, Richard Van Munster and John C. Noyes, to the extent enforcement of the statute is predicated solely upon mere possession, without more, of a fish net within the territorial limits of Broward County, Florida. Therefore, the temporary injunction against enforcement of Section 370.08(1), Florida Statutes (1979), is made permanent as to all the Plaintiffs and the Defendants are directed to desist from any enforcement activities which is predicated solely upon mere possession, without more, of a net within the territorial limits of Broward County, Florida.
The first issue is whether the trial court erred in entering a permanent injunction against the enforcement of chapter 25714, as to plaintiff/appellee Noyes. We conclude it did.
In Cone v. King, 196 So. 697, 698-99 (Fla.1940), the Florida Supreme Court stated:
Courts are not authorized to enjoin the operation of a statute which has been duly adjudged to be constitutional and operative, unless the statute is being illegally applied or unless the statute or the challenged part of it is unconstitutional on unadjudicated grounds.
[[Image here]]
Chapter 18296 being constitutional and it not being shown that the statute is being unconstitutionally applied, the courts have no authority to enjoin the operation of the statute.
The trial court in this case found chapter 25714 to be constitutional on its face. Appellant cites to Cone and states the trial court erred because it did not find the law unconstitutional on its face or that it was unconstitutional as applied to Noyes.
Although it is not perfectly clear, we assume from the transcript of the hearing the trial judge was saying that the law is unconstitutional as applied to Noyes, although it is rather difficult to review the decision of the trial court, in the absence of a brief from appellees and because, the record does not contain the entire transcript. Additionally, it is not clear which of Noyes’ constitutional rights the trial judge *639 felt the statute was violating. See, e.g., Gaulden v. Kirk, 47 So.2d 567, 580 (Fla.1950) (en bane) (court will not concern itself with imprecisely written statute if it does not violate any constitutional rights). There are no pleadings in the record concerning Noyes, and Noyes did not contend that the statute would put him out of business, although he said it may affect his profit or prices.
Comparing Noyes’ testimony with that of the other plaintiffs and their experts and the other plaintiffs’ complaint, his theory seems to be that the statute is a violation of interstate commerce because it impinges on his trade, and that the statute is unreasonable and arbitrary because it is impossible to overfish the area in question as well as impossible to “stockpile” fish.
The trial court apparently did not accept these arguments as to the other plaintiffs who were commercial fishermen, but did as to Noyes, perhaps feeling that one man with one net could not significantly deplete the fish supplies of Broward. While one person with one net is not likely to deplete the resources of Broward County, the same could be said of one commercial fisherman with one boat. Using this reasoning, every marine life fisherman could have the statute declared unconstitutional as to himself, as he, alone, could not deplete the resources of Broward County.
Whatever the reasoning of the trial court, we hold that appellee Noyes has not clearly carried his burden of showing that the special act is unconstitutional. See State v. Perkins, 436 So.2d 150 (Fla. 2d DCA 1983).
The second issue is whether the trial court erred in holding section 370.08(1), Florida Statutes, unconstitutional as applied to plaintiffs and in making the temporary injunction against the enforcement of the statute permanent. We hold that it did, and agree with Fulford v. Graham, 418 So.2d 1204 (Fla. 2d DCA 1982). Accordingly, the permanent injunctions discussed herein are reversed and the cause remanded with direction to enter judgment in favor of appellants.
HERSEY, C.J., and GUNTHER, J., concur.