SCHWARTZ, Chief Judge.
The respondents were defendants in the Monroe county court who were charged with harvesting and possessing “short” spiny lobsters — “undersized crawfish tails” — in violation of Florida Administrative Code 68B-24.0003(1). On this application for certiorari, the state challenges the circuit court affirmance[1] of a county court order which dismissed the action on the ground that the provision was unconstitutional. We quash the affirmance and remand with directions to reverse the county court order.
The provision of the code in question, which was promulgated by the Fish and Wildlife Conservation Commission, deals with the unlawful taking and possession of undersized “spiny lobster.” In reaching its decision, the county court specifically found, and the respondents do not argue otherwise, that the commission regulation (which is treated as a statute, see Caribbean Conservation Corp. v. Florida Fish & Wildlife Conservation Commiss’n, 838 So.2d 492 (Fla.2003)), is not itself in *408 valid on its face.[2] It concluded, however, that an invalidity was established because of an alleged “facial conflict” between 68B-24.003(1) and 68B-24.003(5), regarding the permissible size of the crustacean’s carapace and tail respectively which could, in some hypothetical situation not involved in this case,[3] result in an “unconstitutional” application of the rule. For numerous reasons and on several levels, we disagree.
We conclude:
1. First, without detailing the intricacies of the appropriate measurements of the parts of the crustacean regulated by the rule, we do not find that there is any inconsistency whatever between the two portions cited. Any alleged confusion is easily resolved simply by the taker’s measuring the carapace in the water and the tail after the lobster is taken to the boat or dock. See Fla. Admin. Code R. 68B-24.002(4). If either measurement violates the code, the lobster should not be taken or may and should be released into the water without criminal liability as provided by section 68B-24.002(4).[4] See also Tingley v. Brown, 380 So.2d 1289 (Fla.1980).
2. Even if one existed, an alleged conflict between two provisions of the same statute does not give rise to an issue of constitutionality, but rather of statutory interpretation (under which, applying the rule of lenity, any ambiguity would be resolved in favor of the defendant).
3. Even if a claim of unconstitutionality could be properly entertained on a hypothetical set of facts, the statute itself may not be invalidated in actual situations (like this one) in which the constitutionality of its application is not at all involved. See Virginia v. Hicks, — U.S. -, 123 S.Ct. 2191, 156 L.Ed.2d 148 (2003); 10 Fla. Jur.2d Constitutional Law § 91, cases collected at n. 47 (1997).
4. Finally, again assuming contrary to our previous conclusions that the issue may be involved, the respondents, *409 who are admittedly not affected by the alleged invalidity, have no standing to raise the claim. See 10 Fla.Jur.2d Constitutional Law § 74 (1997).
For these reasons, the order of affir-mance is quashed and the cause remanded to the circuit court with directions to reverse the county court order on appeal there and to order that the case proceed to trial.
Certiorari granted.

. Appellees were found to be in possession of 186 undersized crawfish tails each having a tail measurement of less than 5lk inches. Each was charged with violations of Florida Administrative Code 68B-24.003(1) which reads:
(1) No person shall harvest or possess any spiny lobster with a carapace measurement of 3 inches or less or, if the tail is separated from the body, a tail measurement less than 5 xk inches not including any protruding muscle tissue ...
Appellees successfully argued to the trial judge that the above-cited section regarding minimum size limits was internally inconsistent and was therefore unconstitutional and the trial court dismissed the charges against them.
For the reasons stated in Appellee’s Brief this court affirms the trial court's dismissal of the charges.
When harvested each lobster had a carapace measurement of over 3 inches. Upon arrival at the dock of their home the lobsters were taken out of the live well and their heads separated from the tails. The tails were placed in freezer bags and placed in the freezer. Appellee Treworgy then drove out in the bay and dumped the heads.
Upon arrival back at the dock Fish and Wildlife officers determined of the 308 craw-fish, 186 had tails of less than S'k inches and Appellees were charged.
This court agrees with the proposition that the statute, if interpreted as requested by Appellant, would and does create an internal inconsistency which can make innocent conduct criminal conduct, [e.s.]
Additionally, from a plain reading of 68-B24.003(1) and its companion sections it is not clear that two separate measurements of the animal are required in order to harvest. The disjunctive word "or” does appear in this section between giving the requisite carapace measurement and the 5 {4 inch tail measurement.
It is also not all together clear from a reading of this section whether if a given lobster has one of the requisite measurements but not the other whether it may still be legally harvested.
It appears that while measuring devices for the carapace are abundantly available for purchase in various dive shops and sporting good stores, devices to measure the 5Í4 inch tail are not thus indicating the acceptable custom of measuring the carapace in order to determine harvestability.
Since the spiny lobster do evidently exist in nature which have the requisite 3 plus inch carapace measurement but have tails less than S'k inches, innocent individuals may be arrested for unknowing violations upon wringing the tails once off of the water. Ciccarelli v. City of Key West, (Fla. 3d DCA 1975) 321 So.2d 472, and cases cited therein.
... AFFIRMED.

. The Court finds, as a matter of law, that the language of 68B F.A.C. § 24.003, (1), on its face, provides no basis for constitutional invalidity. It is, in fact, clear on its face and provides the Defendants with no grounds to argue for dismissal.

. When a person has done all he or she can to abide by the law, and has complied with the law in taking the lobster whose carapace measurement is greater than 3" from the waters of the State of Florida, transporting them in whole condition to the shore and the simple act of wringing the tail from the head then makes that personal [sic] criminal, the courts have an affirmative duty to act and strike down such a regulation. To hold otherwise would mean that a cook could go to a seafood market, purchase a crawfish legally taken by a commercial harvester in whole condition (i.e. having a carapace measurement in excess of 3"), take the crawfish home, boil the craw-fish for her family, and at the instant she separates the tail from the head (and the tail is less than 5j£") she has become a criminal. There is no adequate notice in this case to the housewife of any criminal conduct; she has purchased a legal seafood product from a retailer, grocery, etc., and has done nothing more than take it home and prepare it for herself or her family. Therefore, the Court further finds the tail measurement provision of 68B F.A.C. § 24.003(1), because of its conflict with the subsection (5) to be, unconstitutional on its face.

. 68B-24.002(4). Definitions.
[[Image here]]
(4) “Harvest” means the catching or taking of spiny lobster by any means whatsoever, followed by a reduction of such spiny lobster to possession. Spiny lobster that are caught but immediately returned to the water free, alive and unharmed are not harvested. In addition, temporary possession of a spiny lobster for the purpose of measuring it to determine compliance with the minimum size requirements of this chapter shall not constitute harvesting such lobster, provided that it is measured immediately after taking, and immediately returned to the water free, alive and unharmed if undersized.